LORI ANN BIELASKA ET AL. *v.*
TOWN OF WATERFORD ET AL.
(12277)

HEALEY, PARSKEY, SHEA, DANNEHY and QUINN, Js.

Argued December 12, 1984—decision released May 7, 1985

*Andrew J. O'Keefe,* with whom was *Denise M. Phelan,* for the appellants (defendants).

*Dale P. Faulkner,* with whom was *Thomas B. Wilson,* for the appellees (plaintiffs).

QUINN, J. The plaintiffs brought this action to recover damages for personal injuries suffered by the minor plaintiff as a result of the shattering of a wired glass panel in a school corridor smoke door. Following a jury verdict for the plaintiffs, the defendants brought this

appeal, claiming: (1) that the court erred in permitting the plaintiffs to amend their complaint; (2) that there was insufficient evidence to sustain the verdict; and (3) that General Statutes § 10-235 precluded an action against the defendant board of education. We find no error.

From the evidence presented the jury could reasonably have found the following facts. On June 13, 1978, the minor plaintiff, Lori Ann Bielaska, an eighth grade student, walked through the corridor at Clark Lane Junior High School in the town of Waterford and approached a set of swinging smoke doors that had wired glass windows or "vision panels" in them. The minor plaintiff pushed on the glass to open the door and her hand went through the glass, thereby causing her to sustain severe and permanent injury to her right hand.

There was evidence that the school had two sets of fire doors with two doors each, two sets of smoke doors with two doors each, and one set of smoke doors with three doors. These doors were equipped with wired glass and kept closed at all times. The door involved here had no crash bar attached to it, nor did it have posted warnings not to push the door open by using the window.

Three months prior to this accident, the wired glass window of a smoke door in another corridor broke and was ordered repaired by the school principal. At that time no warnings were issued not to touch the glass nor was any inspection made of the other similar doors. Two weeks prior to the plaintiff's accident, another student broke the wired glass in the same door that injured the plaintiff. Again, no warnings were posted.

The defendants denied all allegations in the original complaint and pleaded the special defenses of contributory negligence and sovereign immunity. After the

plaintiffs presented their case to the jury, a substituted complaint, amended answer, and reply were filed. The jury returned a verdict for the plaintiffs, from which the defendants appealed following denial of a motion for a directed verdict, a motion to set aside the verdict, and a motion for judgment notwithstanding the verdict.

At the close of their case, the plaintiffs requested permission to amend the complaint to conform to the proof at the trial. Over objection the court permitted the filing of the amendments.[1]

The defendants argue that the amendments were untimely filed and that they were prejudiced by the introduction of the new allegations. The plaintiffs argue

---

[1] The following are five specific negligence allegations in the complaint: That the defendants, or some of them,

"(a) failed to inspect or test the glass when they knew or should have known that said glass was likely to shatter and that on prior occasions glass in this and other fire doors had shattered within the building;

"(b) failed to properly install and maintain in said door replacement glass of sufficient strength to withstand the routine daily use by students after said glass had shattered on a prior occasion;

"(c) failed to maintain the glass securely within the frame of the door in that there was no putty around the edge of the glass;

"(d) failed to provide fire doors and glass panels which were adequate to take care of all demands made upon said doors and panels under reasonably to be anticipated conditions;

"(e) although they knew or should have known that students in the Junior High School frequently pushed on the glass panels when opening fire doors and knew or should have known that said glass was likely to shatter, they failed to warn students of the hazards and failed to take steps to protect the students from pushing on the glass panels."

The following amendments were allowed by the court: That the defendants, or some of them,

"(f) failed to replace the broken glass panel in the corridor door when they knew or should have known that the glass panel was broken for a considerable period of time prior to the time the plaintiff was injured;

"(g) failed to inspect the corridor door to determine whether the glass panel had been replaced after they had actual knowledge that it was broken;

"(h) failed to install crash bars, or other similar safe door opening devices, on the corridor doors when they knew or should have known that the corridor doors were unsafe and likely to cause injury to children using them."

that the first two amended allegations, which alleged that the defendants failed to replace a broken glass panel and failed to inspect the corridor door, merely clarified the second paragraph of their original complaint, which alleged that the defendants failed properly to install and maintain replacement glass in the door, and thus in no way caused the defendants surprise or prejudice. As to the third amended allegation, that the defendants failed to install crash bars, the plaintiffs claim that because the defendants introduced the questions of whether there should have been crash bars they cannot now claim to be surprised by the amendment.

The trial court has a wide discretion in acting upon requested amendments. *Antonofsky* v. *Goldberg,* 144 Conn. 594, 597–98, 136 A.2d 338 (1957). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same." *Giglio* v. *Connecticut Light & Power Co.,* 180 Conn. 230, 239, 429 A.2d 486 (1980), quoting *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961). In this matter the first two amendments allowed by the trial court merely amplified what was originally pleaded. The cause of action remained essentially the same. Furthermore, the third amendment included material introduced by the defendants themselves and therefore cannot be claimed to have been a surprise to them.

A trial judge has a unique vantage point that entitles his decision to great weight on appeal. *Antonofsky* v. *Goldberg,* supra, 599. A review of the record compels us to find that the trial court did not abuse its discretion in allowing the amendments to the original complaint.

The defendants' second claim of error concerns the sufficiency of the evidence to sustain the verdict. The

defendants contend that no evidence was presented from which the jury could have inferred negligence. In the circumstances of this case, the evidence is to be considered in the light most favorable to the plaintiffs. *Zarembski* v. *Three Lakes Park, Inc.*, 177 Conn. 603, 604, 419 A.2d 339 (1979). Every reasonable presumption should be given to support the correctness of the verdict. Id. "[J]urors are entitled to draw reasonable, logical and proper inferences from the facts in evidence that it was more probable than not that the defendants had notice of the specific dangerous condition which was responsible for the plaintiff's injury." Id., 607–608.

The following evidence was presented in support of the plaintiffs' claim that the defendants acted in a negligent manner. The minor plaintiff was walking at a normal pace to her class at Clark Lane Junior High School. In the corridor of the school are swinging smoke and fire doors which have wired glass windows on them. The minor plaintiff placed her hand on the glass to open the door, the glass broke, and her hand went through it, causing a severe injury. The smoke and fire doors were kept closed at all times. Although some of these doors were equipped with crash bars, the door involved here was not so equipped. At the time of the accident there were no warnings posted not to push open the door by using the glass.

Three months prior to this accident the wired glass window in another corridor door broke, and the school principal issued an order to repair it. Two weeks prior to this accident there was a breakage in the same door that injured the minor plaintiff when a fellow student attempted to open the door by pushing on the glass. No inquiry was ever made by the principal concerning these accidents, nor did the principal cause any warnings or signs to be posted concerning the use of the fire or smoke doors.

The test employed in analyzing a sufficiency of the evidence claim is whether or not, on the basis of the evidence introduced, a reasonable jury, properly motivated, could bring in a verdict against the defendants. *Pelletier* v. *Bilbiles,* 154 Conn. 544, 548–49, 227 A.2d 251 (1967). We find that the jury in the present case reached a proper verdict on the basis of the evidence presented.

The defendants' third claim of error concerns the propriety of maintaining a direct action against a local board of education under General Statutes § 10-235.

Pursuant to our rules of practice, we are not "bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 3063. In addition, issues that an appellant wishes to present to this court on appeal must be included in a preliminary or amended preliminary statement of issues, filed with the chief clerk. Practice Book § 3012; see *Presutti* v. *Presutti,* 181 Conn. 622, 625–26, 436 A.2d 299 (1980).

Trial defense counsel in the present case did not raise that third claim of error at any time prior to, or during, trial. Furthermore, appellate counsel failed to include this claim in his preliminary statement of issues, and at no time thereafter amended the issues to conform to his brief. Under these circumstances the defendants' third claim of error is not properly before us, and we decline to address it.

There is no error.

In this opinion the other judges concurred.