ROBERT SANSONE *v.* VINCENT LETTIERI ET AL.
(2232)

DUPONT, C.P.J., BORDEN and S. FREEDMAN, Js.

Argued May 17—decision released July 9, 1985

*Charles Angelo,* for the appellants (defendants).

*Michael A. Wolak III,* with whom, on the brief, was *Alan E. Silver,* for the appellee (plaintiff).

S. FREEDMAN, J. The defendants appeal from a judgment of the court awarding the plaintiff damages for work performed by him at the request of the defendants' agent. The defendants claim that the court erred in permitting the plaintiff to amend his complaint at the conclusion of the case, in finding that an agency existed, and in finding that a $4000 payment to the plaintiff was irrelevant to the issues in the case.

The claim that the court improperly permitted the plaintiff to amend his complaint lacks merit. "The allowance of an amendment during the course of the trial lies in the sound discretion of the trial court." *DuBose* v. *Carabetta,* 161 Conn. 254, 263, 287 A.2d 357 (1971). In the exercise of that discretion, pleadings may be amended before, during or after trial to conform to the proof, and the trial judge's ruling will be disturbed only upon a clear showing of abuse of discretion. *Connecticut Bank & Trust Co.* v. *Wilcox,* 3 Conn. App. 510, 490 A.2d 95 (1985). The court's ruling is entitled to great weight on appeal. *Bielaska* v. *Waterford,* 196 Conn. 151, 154, 491 A.2d 1071 (1985). There is no showing here sufficient to demonstrate an abuse of discretion.

As to the remaining claims of error, it is apparent that the thrust of the defendants' attack upon the court's factual conclusions is an attempt to have us retry this case. "It was for the trial court to weigh the evidence and determine the credibility of the witnesses. This court cannot and will not weigh the evidence con-

tained in the record before us." *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 237, 492 A.2d 159 (1985). We find no basis for concluding that the trial court erred in its findings or for overturning its factual determinations.

There is no error.

In this opinion the other judges concurred.