AARON SIMMONS ET AL. *v.* SOUTHERN CONNECTICUT
GAS·COMPANY, INC.
(3615)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 12—decision released May 6, 1986

*Beverly J. Hodgson,* with whom, on the brief, was
*Rosalind J. Koskoff,* for the appellants (plaintiffs).

*Timothy G. Atwood,* for the appellee (defendant).

SPALLONE, J. The plaintiffs[1] appeal from the judg-
ment of the trial court rendered after a directed ver-

---

[1] The plaintiffs are Aaron Simmons, his wife Florence Simmons and their
children, Karen and Rita Simmons.

dict for the defendant and following the denial of their motion to set aside the verdict. They claim the trial court erred: (1) in directing a verdict for the defendant based on the defense of the statute of limitations after the plaintiffs presented a prima facie case in negligence; (2) in denying the plaintiffs' motion to amend their complaint to include General Statutes § 52-592, accidental failure of suit in avoidance of the defense of the statute of limitations; and (3) in denying the plaintiffs' motion to introduce a fraudulent concealment claim during the trial.

The relevant facts may be summarized as follows. In the summer of 1973, the plaintiffs' gas was turned off because of nonpayment of several gas bills. Mr. Simmons went to the offices of the defendant and paid a bill in the amount of $131.95 plus a $15 turn-on charge. The defendant provided a receipt for the payment which omitted the plaintiffs' account number. The defendant then restored gas service to the plaintiffs' residence. The plaintiffs kept their gas payments current through the fall of 1973 and early winter of 1974. In the fall of 1973, the plaintiffs received letters from a collection agency which claimed that they owed money, on past due bills, to the gas company. The plaintiffs questioned the defendant directly and were told that they owed the amount. On January 6, 1974, the defendant sent a letter to the plaintiffs warning them that the gas would be turned off if they did not pay their overdue bills. On February 28, 1974, the gas service was terminated for nonpayment of the July, 1973 bill which in fact turned out to be the bill in the amount of $131.95 which had been paid by Mr. Simmons and for which he had received a receipt. The defendant refused to reinstate the gas service unless the plaintiffs could provide proof of payment by receipt. The defendant had a copy of the receipt but claimed that it could not be found. After several unsuccessful

attempts to get the gas turned on, the plaintiffs sought legal help. Through the efforts of an attorney, the plaintiffs were able to persuade the defendants to turn on the gas, which they did on March 30, 1974. The plaintiffs eventually found the receipt and provided the defendant with a copy.

In October, 1974, the plaintiff brought a class action law suit in the United States District Court for the District of Connecticut, pursuant to Title 42 U.S.C. §§ 1981 and 1983, and Title 28 U.S.C. §§ 2201 and 2202, claiming a tort action for violation of due process and equal protection rights. On October 3, 1978, the case was dismissed from the federal court for lack of jurisdiction for want of state action.

Twenty days later, on October 23, 1978, the plaintiffs brought suit in Superior Court against the defendant. The complaint was drawn in two counts, one in contract, the other in tort.

On March 2, 1979, the defendant, represented by the same attorney as in the federal law suit, filed an answer and special defenses. The defendant raised three special defenses to the contract count, alleging (1) that the current unpaid charges were unconnected with the disputed billing, (2) that all parties, excluding Aaron Simmons, lacked privity of contract with the defendant, and (3) that the plaintiffs failed to take reasonable steps to mitigate their damages. The defendant raised two special defenses to the tort claim, a statute of limitations defense and contributory negligence. The plaintiffs moved to strike the defense of contributory negligence, and the court granted their motion. Thereafter, the plaintiffs replied to and denied the remaining special defenses.

On September 4, 1984, the morning of the first day of trial, the plaintiffs, with leave of the court, filed an amended complaint withdrawing the contract count and

retaining the count in negligence. On September 6, 1984, the defendant submitted its answers and special defenses to the amended complaint. Over the plaintiffs' objection, the defendant filed the three special defenses to the tort claim which had been addressed previously only to the contract claim. The defendant also reintroduced the defense of contributory negligence which had been stricken by the court. The court allowed all the contract defenses including privity of contract and mitigation of damages to stand as defenses to the tort claim, and allowed the defense of contributory negligence to be reintroduced.

On September 7, 1984, after they completed the presentation of their case, the plaintiffs submitted a written motion to amend their complaint by adding the allegation that the action was brought pursuant to General Statutes § 52-592, the accidental failure of suit statute. This was done in an attempt to avoid the defense of the statute of limitations. The motion to amend was denied by the court.

During the presentation of the case, the court heard the testimony of Judy Shek. Shek was the clerk to whom payment had been made, and she testified that she had told the defendant's credit and collection department of such payment. The plaintiffs interpreted this testimony as evidence that the defendant turned off the plaintiffs' gas service despite its knowledge that the bill had been paid. On September 10, 1984, the plaintiffs made several additional motions to the court. The plaintiffs attempted to introduce an amended reply and special defenses to the answer which the defendant had filed on September 6, 1984. The plaintiffs' amended reply repeated the allegation of General Statutes § 52-592, and they attached a copy of the federal complaint and the judgment of October 3, 1978, dismissing the federal action, to their pleading. Also included, as a special defense to the statute of limita-

tions, was an allegation pursuant to General Statutes § 52-595, claiming fraudulent concealment of a cause of action based on intentional tort. The court denied the motion to file this amended reply.

The plaintiffs also moved to amend their complaint to include counts in intentional tort, violation of Connecticut Unfair Trade Practices Act, fraudulent concealment of a cause of action, and intentional breach of contract, which motion was denied. The court also denied the plaintiffs' motion to strike the statute of limitations defense.

On September 11, 1984, after the plaintiff rested, the court, upon motion of the defendant, directed the jury to return a verdict for the defendant on the basis of the defense of the statute of limitations. Thereupon, the plaintiff filed a motion to set aside the verdict, which motion, after a hearing, was denied.

Each of the plaintiffs' claims of error, in effect, questions the legitimacy of the court's action in the exercise of its discretion. The plaintiffs' first claim, that the court erred in directing a verdict for the defendant on the basis of the statute of limitations, is without foundation in law. The motion for a directed verdict was made only after the plaintiffs had rested their case. The only action before the trial court was a single count negligence complaint originally filed on October 23, 1978. The defendant had properly and affirmatively asserted the defense of the statute of limitations. The plaintiffs' own evidence had conclusively established that the alleged negligent acts had occurred no later than March, 1974, and that any resultant damage was suffered by that date. The times and places of the occurrences were established by the pleadings as well as by the evidence. The date of the filing of the pleadings, the allegations therein, the defendant's answer admitting the dates on which the alleged incidents occurred,

and the evidence supplied by the plaintiffs, were all before the court and clearly showed that the events complained of took place more than four years prior to the plaintiffs' institution of the action. The time interval between the filing of the complaint and the acts and damages complained of was not in dispute, and the court properly determined as a matter of law that a directed verdict was warranted. The court properly invoked General Statutes § 52-216, which states in part that "[t]he court shall decide all issues of law and all questions of law arising in the trial of any issue of fact; and, in committing the action to the jury, shall direct them to find accordingly. . . ." There were no longer any disputed factual issues in the case that bore on the statute of limitations defense. As far as the defense of the statute of limitations was concerned, there was nothing for the jury to decide. The court's action is amply supported by the law. "[W]here the judgment in a case heard before a jury depends wholly on a question of law, so that any other verdict than the one so required would inevitably be set aside upon review, it has long been the practice for the judge to direct the jury to bring in a particular verdict. It is merely reaching more speedily and directly a result which would inevitably be reached in the end." *People's Savings Bank* v. *Borough of Norwalk,* 56 Conn. 547, 556, 16 A. 257 (1888).

The plaintiffs' second claim of error also fails. The trial court's denial of the plaintiffs' motion to amend their reply to the defense of the statute of limitations was a proper and permissible exercise of its discretion. *Wallingford* v. *Glen Valley Associates, Inc.,* 190 Conn. 158, 161, 459 A.2d 525 (1983); *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 239, 386 A.2d 217 (1978); *DuBose* v. *Carabetta,* 161 Conn. 254, 263, 287 A.2d 357 (1971). In the exercise of that discretion, pleadings may be amended before, during and after trial to conform

to the proof, and the trial judge's ruling will be disturbed only upon a clear showing of abuse of discretion. *Connecticut Bank & Trust Co.* v. *Wilcox,* 3 Conn. App. 510, 490 A.2d 95, cert. granted, 196 Conn. 806, 494 A.2d 904 (1985). The court's ruling is entitled to great weight on appeal. *Bielaska* v. *Waterford,* 196 Conn. 151, 154, 491 A.2d 1071 (1985); *Sansone* v. *Lettieri,* 4 Conn. App. 466, 467, 495 A.2d 720 (1985).

In ruling on the plaintiffs' request to amend, the trial court reasoned (1) that the amendment was untimely, (2) that the defendant justifiably relied on the plaintiffs' five year failure to plead specially a matter in avoidance of a properly pleaded special defense, (3) that permitting the amendment would result in the interjection of new and potentially complicated legal issues in a case where the trial testimony had already been taken, and (4) that permitting the amendment would delay and confuse the trial of the case. We find these reasons to be compelling and that they support the court's denial of the request to amend. The plaintiffs are charged with the knowledge of the rules of practice and should have pleaded more than a simple denial to the defense of the statute of limitations if they wished to plead in avoidance. Practice Book § 172 requires that matters in avoidance of an affirmative defense in an answer or counterclaim shall be specially pleaded in the reply. We cannot say that the trial court acted unreasonably and contrary to the law when it determined that a pleading that should have been made five years previously was untimely when made after the trial commenced.

The plaintiffs' final claim of error, that the court improperly refused its attempt to amend its complaint to add a count in fraudulent concealment, is without merit. The legal principles supporting the court's action as to the defendant's second claim of error are applicable to this claim of error. The requested amendment

sought to add a cause of action not previously pleaded after the plaintiffs rested their case. The court properly exercised its discretion in denying the plaintiffs' motion.

There is no error.

In this opinion the other judges concurred.