## STATE OF CONNECTICUT *v.* DANVOIR TEEL
### (14868)

Foti, Lavery and Landau, Js.

Argued May 30—officially released August 13, 1996

*Howard T. Owens, Jr.*, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Margaret E. Kelly*, assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant, Danvoir Teel, appeals from the judgment of conviction, rendered after a jury trial, of seven counts of conspiracy to sell narcotics in

violation of General Statutes §§ 53a-48[1] and 21a-278 (b),[2] two counts of conspiracy to possess narcotics with intent to sell in violation of General Statutes §§ 53a-48 and 21a-278 (b), and two counts of conspiracy to possess narcotics with intent to sell within 1500 feet of a public housing project in violation of General Statutes §§ 53a-48 and 21a-278a (b).[3] On appeal, the defendant claims that the trial court improperly (1) admitted opinion testimony of a state's witness, and (2) presided over the trial after participating in plea negotiations. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On April 14, 1994, the Bridgeport police department conducted a surveillance of the courtyard at the Marina Apartments and observed the defendant in the company of Phillip Rorie. Detective Thomas Russell observed several persons enter the courtyard and hand money to the defendant. Each time, after receiving the money, the defendant would point to Rorie. On the defendant's signal, Rorie would retrieve a plastic bag containing cocaine from an electrical box and then

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] General Statutes § 21a-278 (b) provides in pertinent part: "Any person who . . . sells . . . [or] possesses with the intent to sell . . . any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years . . . . The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended . . . ."

[3] General Statutes § 21a-278a (b) provides in pertinent part: "Any person who violates section . . . 21a-278 by . . . selling . . . [or] possessing with the intent to sell . . . any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising . . . a public housing project . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section . . . 21a-278. . . ."

would distribute the cocaine to the buyer. The defendant and Rorie repeated this course of conduct throughout the morning. On the basis of their observations of this conduct, the police arrested the defendant and Rorie and recovered forty-four glassine envelopes of cocaine. The defendant was charged and later released on bail.

On June 15, 1994, the Bridgeport police department again conducted a surveillance at the Marina Apartments and observed the defendant and Andre Smith shooting dice in the courtyard. On this occasion, Officer William Bailey, Jr., observed several persons enter the courtyard and hand money to the defendant . After receiving the money, the defendant would point to Smith. On the defendant's signal, Smith would retrieve a brown paper bag containing cocaine and crack cocaine from a steel grate and would then distribute the cocaine to the buyer. On the basis of their observations of this conduct, the police arrested the defendant and Smith and recovered twenty packages of cocaine and one vial of crack cocaine.

By amended information, which included the offenses arising on April 14 and June 15, the state charged the defendant with seven counts of conspiracy to sell narcotics, two counts of conspiracy to possess narcotics with intent to sell, and two counts of conspiracy to possess narcotics with intent to sell within 1500 feet of a public housing project. At trial, the jury returned a guilty verdict on all counts. This appeal followed.

I

In his first claim, the defendant argues that the trial court improperly permitted Russell to testify that the defendant's witness, Rorie, lacked veracity. The defendant argues that Russell's testimony was inadmissible first, because his opinion was not based on personal

knowledge and, second, because it did not entail Rorie's reputation in the community. The defendant also asserts Rorie's reputation was not placed in issue.

At trial, the court allowed Russell to proffer his opinion of Rorie, which Russell based on hearing Rorie testify under oath at an asset forfeiture hearing. Defense counsel objected to Russell's opinion testimony, initially by making a general objection and later on hearsay grounds.[4] On appeal, however, the defendant argues

---

[4] During the state's direct examination of Russell, the following colloquy took place:

"[Prosecutor]: Detective Russell, do you know Phillip Rorie?

"[Russell]: Yes.

"[Prosecutor]: Okay. And how do you know him?

"[Russell]: I had another investigation pertaining—

"[Defense Counsel]: I'm going to object to this, Your Honor.

"The Court: Well, I will overrule the objection.

"[Prosecutor]: It's connected with this incident.

"[Prosecutor]: How do you know Phillip Rorie, Detective Russell?

"[Russell]: I had another investigation where I filed an asset forfeiture where we had seized his money and I had to testify in court on the forfeiture.

* * *

"[Prosecutor]: As a result of that hearing, did you have an opinion as to Mr. Rorie's truthfulness?

"[Defense Counsel]: I'm not going to allow that. Objection, Your Honor.

"The Court: There's nothing wrong with that question. Did Rorie testify?

"[Prosecutor]: I'm sorry?

"The Court: You have to ask him does he have some basis to have formed an opinion.

"[Prosecutor]: Do you have a basis—some basis to form an opinion?

"[Russell]: Yes.

"[Prosecutor]: And did Mr. Rorie testify at that hearing?

"[Russell]: Yes.

"[Prosecutor]: And based upon that testimony, do you have an opinion as to whether or not Mr. Rorie is a truthful person?

"[Defense Counsel]: I'm going to object to that, Your Honor.

"The Court: It's a proper question under our rules. It's his opinion. It's based on either general reputation or in Connecticut, which is an exception to the general rule, a person may give testimony as to a person's—his opinion of a person's reputation for truthfulness. It's a matter for a jury to accept or reject. It's permissible testimony.

"[Prosecutor]: You do have an opinion?

"[Russell]: Yes.

that the state failed to lay a proper foundation for the opinion testimony, in that the opinion was not based on Rorie's reputation within the community or from Russell's personal knowledge. The state contends that the defendant's claim was not preserved at trial and, even if the claim were properly preserved, the opinion testimony was properly admitted.

Our review of the record reveals that the issue of lack of proper foundation was not raised by the defendant before the trial court. "Ordinarily we will not review a claim that was not distinctly raised before the trial court." *State* v. *Rogers,* 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995). The defendant has not requested that we review this claim pursuant to *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." *State* v. *Rogers* supra, 787; see *State* v. *Casado,* 42 Conn. App. 371, 374–75, 680 A.2d 981 (1996); *State* v. *Hermann,* 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995). We decline, therefore, to review the defendant's claim.[5]

"[Prosecutor]: What is your opinion based on?

"[Russell]: He lied."

At the conclusion of Russell's testimony, defense counsel renewed his objection as follows: "Your Honor, if I may, I just want to put on the record, I wanted to renew my objection. I know you already ruled. It seems to me that the opinion of—the officer's opinion of what—what was his name—Detective Russell's opinion that he lied, seems to me that—a further objection, I believe, on the basis that it would be hearsay as well in that he's relying on hearsay to formulate that opinion. I can't cross-examine that hearing that he had. In other words, he's basing it on some other hearing. That was an asset forfeiture. I don't have the transcript. It's impossible for me to find out and delve into it. Even if I could, it would probably be collateral. It seems to me, in addition to the fact that he's giving an opinion on the veracity of the individual, he's doing it on almost exclusively hearsay. I just wanted to put that on the record."

[5] Even if we were to consider the reviewability of this claim under *Golding,* it would fail to satisfy the second prong of *Golding.* See footnote 6. It is well

## II

The defendant next claims that the trial court violated Canon 3 of the Judicial Code of Conduct by presiding over the trial after participating in plea negotiations and, thus, lacked impartiality. The defendant concedes that his claim is unpreserved, but seeks appellate review pursuant to *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding*, supra, 213 Conn. 239–40.[6]

The trial judge presided over a pretrial hearing at which the court questioned the defendant regarding his predicament. The court also impressed on the defendant the consequences of rejecting the state's plea bargain offer.[7] The defendant rejected the plea bargain and

established that "[r]obing garden variety claims [of an evidentiary nature] in the majestic garb of constitutional claims does not make such claims constitutional in nature." (Internal quotation marks omitted.) *State* v. *Reddick*, 33 Conn. App. 311, 331–32, 635 A.2d 848 (1993), cert. denied, 228 Conn. 924, 638 A.2d 38 (1994); *State* v. *Ulen*, 31 Conn. App. 20, 37, 623 A.2d 70, cert. denied, 226 Conn. 905, 625 A.2d 1378 (1993). Evidentiary claims are not of constitutional magnitude and are thus not entitled to *Golding* review. See *State* v. *Robinson*, 227 Conn. 711, 741 n.22, 631 A.2d 288 (1993).

[6] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances."

[7] The following colloquy took place at the pretrial hearing:

"[Prosecutor]: Your Honor, I offered two and a half years flat on one of the cases and I have been informed that Mr. Teel is not inclined to enter a plea at this time.

"[Defense Counsel]: That's correct, Your Honor.

"[The Court]: Alright, Mr. Teel. You are going to go on the jury list. I want you to fully understand the situation. You are charged with two crimes. Your exposure in this case, if you are convicted, is twenty-two years. You have been offered two and one-half. You have a perfect right to a trial. If

elected a jury trial. The trial judge presided over the trial and the sentencing.

Although the defendant relies on Canon 3 of the Judicial Code of Conduct, a claim of impartiality is more appropriately brought pursuant to Practice Book § 997. Practice Book § 997 provides in pertinent part: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. . . ." "It is axiomatic that the burden of establishing a record that a judicial impropriety has occurred which demonstrates or gives the appearance of bias or partiality so as to require recusal rests with the party who claims the occurrence of such an impropriety." *State* v. *Santangelo*, 205 Conn. 578, 584, 534 A.2d 1175 (1987). In *State* v. *Weber*, 6 Conn. App. 407, 413, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986), we stated that compliance with the requirements of Practice Book § 997 is mandatory and a condition precedent to a hearing on a judge's disqualification. See *State* v. *Safford*, 22 Conn. App. 531, 537, 578 A.2d 152, cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990).

Here, however, the defendant failed to make a motion for disqualification pursuant to § 997. At no time did

you lose in that trial, you the stand the risk whatever the judge is going to feel is an appropriate sentence based on the circumstances of your prior history. You have until today. If the plea does not go down today, that offer will never ever reappear. You will go on trial. If the judge wants to give you fifteen years when it is all over, that's what you face. I just want to make sure you understand the offer has been made. I think your attorney thinks it is fair. You have a right to reject it. I just want you to understand the consequences of that rejection. I will put your case down for the twentieth, next Monday. You are not going to come back on that day and say, I will take the two and a half. The two and a half is gone today. You will go on trial on Monday and whatever the consequences are, those will be the consequences."

the defendant, either orally or in writing, move the court to disqualify itself. As a result of the defendant's failure to comply with § 997, the record is inadequate for appellate review. We conclude, therefore, that the defendant's claim fails to satisfy the first prong of the *Evans-Golding* test. Additionally, the defendant does not request, nor do the facts warrant, plain error review pursuant to Practice Book § 4185.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] In its reply brief, the defendant for the first time requests plain error review. "It is a well established principle that arguments cannot be raised for the first time in a reply brief." *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). The defendant relies on *State* v. *Washington*, 39 Conn. App. 175, 664 A.2d 1153 (1995), as support for his claim that the trial court acted improperly by presiding over the pretrial hearing and the trial. *Washington*, however, is inapposite. In *Washington*, this court sua sponte raised the issue of whether the trial court improperly presided over the defendant's revocation of probation hearing after the defendant rejected the plea bargains that *the court offered from the bench.* Id., 176. In *Washington*, the trial court actively engaged in plea negotiations with the defendant. See id., 177–78 n.5. Here, however, no such plea negotiations took place.