TERRANCE J. O'BRIEN ET AL. *v.*
DEREK JOHN COBURN
(AC 16663)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued May 29—officially released September 9, 1997

*Michael F. Dowley*, with whom, on the brief, was *Margaret A. Waldron*, for the appellant (defendant).

*Thomas F. Noonan*, for the appellees (plaintiffs).

*Opinion*

SCHALLER, J. The defendant, Derek John Coburn, appeals from the judgment of the trial court in favor of the plaintiffs, Terrance J. O'Brien and Mary Ann O'Brien, in this action for an easement. The defendant claims that the trial court improperly (1) permitted the plaintiffs to amend their complaint, (2) denied his application for attorney's fees, (3) denied the recusal motion that was made during the course of trial, (4) refused to reread testimony during his cross-examination of a witness, and (5) admitted hearsay testimony under General Statutes § 52-172, the dead man's statute. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiffs and the defendant are the owners of adjoining

parcels of real property in the town of Durham. Before the parcels were conveyed to the parties, they were owned by the common grantor, John W. Chapman. In 1968, Chapman conveyed the western parcel to the plaintiffs by warranty deed. The property conveyed to the plaintiffs consisted of approximately seventeen acres of land with a residence on the front part of the parcel, and a separate concrete shop and garage on the rear, which Chapman had used as a tool shop. The only access for motor vehicles to the tool shop building was by a driveway that was not located on the plaintiffs' property. In addition, a telephone line and a Connecticut Light and Power Company utility line, which provided service to the shop and garage, existed on the defendant's property. In 1972, Chapman conveyed the adjoining property to the defendant by warranty deed.

In the deeds conveying the respective properties to the plaintiffs and the defendant, no reference was made to an easement in favor of the plaintiffs concerning the right to use the driveway to gain access to the shop and garage. The plaintiffs have used the shop and garage building as an automobile repair shop. Over the years, the driveway was used by the plaintiffs to allow motor vehicles to gain access to the repair shop. The doorway to the shop and garage opens only onto the driveway, thereby necessitating the use of the driveway for the proper use of the building as an automobile repair shop.

In April, 1993, the defendant attempted to obstruct the plaintiffs' access to and use of the driveway. In addition, the defendant contacted the Connecticut Light and Power Company and the Southern New England Telephone Company to request that all utility service to the shop and garage be discontinued because the utility lines were on the defendant's property.

In July, 1993, the plaintiffs filed a complaint claiming an easement by prescription and seeking injunctive

relief that would prevent the defendant from denying them physical access to the garage and that would prevent the defendant from discontinuing the utility service. The plaintiffs also sought money damages in their complaint. The defendant filed a counterclaim seeking injunctive relief to prevent the plaintiffs from accessing the driveway and for money damages.

The trial court, *Gaffney, J.*, found the facts as proven were sufficient to create an easement by implication in favor of the plaintiffs. The trial court enjoined the defendant from interfering with the plaintiffs' easement rights, and denied the defendant's claims for relief. The defendant appealed to this court, claiming that the trial court improperly granted relief for a cause of action not pleaded in the plaintiffs' complaint. We agreed with the defendant, and held that since the plaintiffs had pleaded only an easement by prescription, it was improper for the trial court to find an easement by implication and to grant relief on that basis. See *O'Brien* v. *Coburn*, 39 Conn. App. 143, 149, 664 A.2d 312 (1995). Accordingly, we reversed the judgment of the trial court and remanded the case for a new trial.

At the scheduling call prior to the second trial, the trial court, *Higgins, J.*, scheduled the matter for trial and placed an order in the file that stated "no repleadings." The day before the start of the second trial, the plaintiffs moved to amend their complaint to include two new counts alleging (1) an easement as an appurtenance to their property, and (2) an easement by implication or necessity. The trial court granted the plaintiffs' motion to amend their complaint and continued the trial for ninety days to allow the defendant to prepare for the new counts contained in the plaintiffs' amended complaint. The trial court indicated at that time that he would consider allowing reasonable attorney's fees to the defendant because of the delay associated with the allowance of the amended complaint.

After a two day trial to the court, the trial court issued a memorandum of decision and judgment with findings of fact and conclusions of law. The trial court rendered judgment in favor of the plaintiffs concluding that an easement by necessity existed in their favor. The trial court held that the plaintiffs were entitled to make reasonable use of the defendant's driveway for ingress and egress to and from the shop and garage building at the rear of the plaintiffs' property. The trial court enjoined the defendant from interfering with the plaintiffs' easement rights and dismissed the defendant's counterclaim. Finally, the trial court denied the defendant's application for attorney's fees, concluding that the defendant was not unreasonably surprised by the plaintiffs' additional claims presented in their amended complaint because these claims had been argued at the first trial. This appeal followed.

I

The defendant first claims that the trial court improperly allowed the plaintiffs to amend their complaint at the beginning of trial when the court had previously ordered no repleadings.

Additional facts are necessary for the resolution of that claim. On January 3, 1996, at the calendar call, this case was set for a trial date of March 27, 1996. Before that date was set, the following colloquy occurred between the trial court and the defendant's counsel: "Defense Counsel: Number forty-three. I apologize for coming in after the call. Meg Waldron for the defendant, Coburn. This is back from the Appellate Court.

"The Court: Wonderful.

"Defense Counsel: So, it's for a new trial, and there are pleadings that still need to be done, I'm told by the plaintiffs.

"The Court: How do pleadings get redone after its been on appeal?

"Defense Counsel: He's going to amend his complaint.

"The Court: No; he—

"Defense Counsel: (Interposing) I'm just telling what you the plaintiffs—

"The Court: (Interposing) Who tried the case originally?

"Defense Counsel: Judge Gaffney

"The Court: Set it down for pretrial. Put an order in the file no repleadings. It went up on appeal. It's going to be tried on the basis of the appellate decision."

On March 26, 1996, the plaintiffs filed a request for leave to file an amended complaint. On March 27, 1996, the defendant's counsel objected to the plaintiffs' motion to amend their pleadings. In his objection, the defendant reminded the trial court of its January 3, 1996 order of no repleadings. The court responded: "I am fully aware that I made that statement. . . . I think, having reviewed the appellate decision, that I ought to allow the amendment. . . . Put [the case] on a ninety day tickler."

We cannot conclude that the trial court improperly granted the plaintiffs' motion for request to file an amended complaint. "A trial court has wide discretion in granting or denying amendments of pleadings and rarely will this court overturn the decision of the trial court." *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.*, 32 Conn. App. 786, 794, 631 A.2d 340 (1993); *Kelley* v. *Bonney*, 221 Conn. 549, 591, 606 A.2d 693 (1992). Upon review, "[a] trial judge has a unique vantage point that entitles his decision to great weight on appeal." *Bielaska* v. *Waterford*, 196 Conn. 151, 154, 491 A.2d 1071 (1985); *Simmons* v.

*Southern Connecticut Gas Co.*, 7 Conn. App. 245, 251, 508 A.2d 785 (1986); *Sansone* v. *Lettieri*, 4 Conn. App. 466, 467, 495 A.2d 720 (1985). Here, although the trial court recognized that the amendment "should have been filed a long time ago," it granted the defendant a ninety day continuance to allow him to prepare. We cannot say that the trial court exceeded its discretion in granting the plaintiffs' motion to amend their complaint.

II

The defendant claims next that the trial court improperly denied his application for attorney's fees associated with the allowance of the plaintiffs' amended complaint. We disagree.

On March 27, 1996, at the oral argument on the plaintiffs' motion to amend, the trial court stated, "I will also allow [the defendant's counsel] fees . . . if he presents to the court a request, a reasonable request for additional time that he must spend in order to prepare himself for trial on the pleadings, the new pleadings. [I]f you file a reasonable request for attorney's fees, I'll probably make an allowance for that." On September 18, 1996, after the trial concluded, the defendant filed a motion for attorney's fees seeking $3000 for the preparation and litigation of his case on the amended pleadings. The trial court denied this motion. On appeal, the defendant relies on the trial court's statements that it would "probably" allow for attorney's fees concerning the amended pleadings.

Practice Book § 176 (c) provides: "If the amendment occasions delay in the trial or inconvenience to the other party, the court may award costs in its discretion in his [or her] favor." "Because the trial court is in a more advantageous position to evaluate the services of counsel than a reviewing court, [t]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal

unless the trial court has abused its discretion. *Link v. Shelton*, 186 Conn. 623, 629, 443 A.2d 902 (1982)." (Internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 77–78, 689 A.2d 1097 (1997). "In determining whether the trial court has abused its discretion, an appellate court should entertain every reasonable presumption in favor of the trial court's decision." (Internal quotation marks omitted.) *Oakley v. Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 512–13, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996), quoting *Stanford v. Kovacs*, 36 Conn. App. 270, 276, 650 A.2d 626 (1994). Here, the mere fact that the trial court stated at the pretrial hearing that he would *probably* allow attorney's fees not bind the trial court. The court must still consider at the conclusion of trial whether the defendant has provided an adequate basis for awarding fees. The trial court stated in its memorandum of decision, that "[t]he claim raised by the plaintiffs in their amended complaint, easement of necessity, had been argued at the first trial and assertion of such claim was foreseeable by the defendant on remand. The court concludes, therefore, that there exists no reasonable basis to allow attorney's fees because of said amendment to the complaint." We cannot say, therefore, that the trial court exceeded its discretion in refusing to grant the defendant's motion for attorney's fees.

III

The defendant claims next that the trial court improperly refused to recuse itself. We disagree.

On September 7, 1993, the plaintiffs and the defendant litigated their original applications for temporary injunction before Judge Higgins, who presided at trial. At the hearing, Judge Higgins indicated to the parties that he would view the property in question in the

absence of counsel. There was no objection. On September 18, 1996, the second day of the second trial, defendant's counsel, in the course of his cross-examination of a witness, stated, "I'm going to move to disqualify Your Honor as judge in this case. . . . Your Honor earlier heard our temporary injunction in this case, which was a full day's testimony. My understanding is that Your Honor made a personal inspection of the property. I don't think it's proper to hear the temporary injunction hearing and all this." The trial court denied the defendant's request for recusal and the trial proceeded.

Practice Book § 997 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. *The motion shall be filed no less than ten days before the case is called for trial or hearing,* unless good cause is shown for failure to file within such time." (Emphasis added.) In this case, the defendant did not comply with the provisions of § 997, but simply made an oral request after the trial had begun that the judge disqualify himself. Moreover, the defendant cannot make a showing of good cause as to the failure to comply with § 997 because the reason that the defendant offered for disqualification, namely that the trial court judge had presided over an earlier temporary injunction hearing and that he viewed the property in question in the absence of counsel, were known to the defendant's counsel well in advance of the second trial. This noncompliance, in the absence of any showing of good cause on part of the defendant, is fatal to the defendant's claim on appeal. See *State* v. *Teel*, 42 Conn. App. 500, 506–507, 681 A.2d 974, cert. denied, 239 Conn. 921, 682 A.2d 1012 (1996) (failure to

comply with Practice Book § 997 deems record inadequate for review under first prong of *Evans-Golding* test); *State* v. *Weber*, 6 Conn. App. 407, 412–13, 505 A.2d 1266 (1986) (stating that compliance with Practice Book § 997 mandatory).

## IV

The defendant claims next that the trial court improperly prohibited him from questioning one of the plaintiffs on cross-examination regarding a subject concerning which she had testified on direct examination. We disagree.

During the trial, as the defendant's counsel was cross-examining one of the plaintiffs, Mary Ann O'Brien, about her reasons for buying the property in question, the following colloquy occurred: "Defense Counsel: I thought your testimony to me just now was that was never an option to you because you needed to have the water.

"Ms. O'Brien: I don't remember at this point in time. I remember that we chose the option to purchase the property; one was the house with nothing but the land, one was the house, the lot, the building, and one was the complete package. We chose the latter because that was what we wanted. I cannot tell you that the water was a[n] issue at that point.

"Defense Counsel: Your Honor, could I have the testimony read back.

"The Court: No. Ask the next question.

"Defense Counsel: I think it's critical to this case.

"The Court: Ask your next question.

"Defense Counsel: But can I indicate to the court why I believe it's important?

"The Court: I don't want the testimony read back . . . because I recall the testimony.

"Defense Counsel: I'm going to try one more time, Your Honor. I think it's important.

"The Court: Ask your next question. . . ."

The defendant claims that because the trial court would not order that the witness' testimony be read back, the court prevented him from pursuing an issue through cross-examination. This claim has no merit. "The rereading of testimony lies within the broad discretion of the trial court." *State* v. *Hickey*, 23 Conn. App. 712, 718, 584 A.2d 473, cert. denied, 217 Conn. 809, 585 A.2d 1233, cert. denied, 501 U.S. 1252, 111 S. Ct. 2894, 115 L. Ed. 2d 1058 (1991), citing *State* v. *Rodriguez*, 10 Conn. App. 357, 360, 552 A.2d 1250 (1987). Here, the trial court did not preclude the defendant's counsel from cross-examining Mary Ann O'Brien about any topics concerning which she testified on direct examination. Rather, the court simply informed counsel that it recalled the witness' testimony and that it did not need to have it read back. We conclude, therefore, that the trial court did not abuse its discretion by declining to order that the witness' direct testimony be read back.

V

The defendant's claim is that the trial court improperly admitted hearsay evidence by allowing the testimony of alleged oral declarations of John W. Chapman, a deceased party, pursuant to § 52-172.

"Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable

presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . . *State* v. *Leonard*, 31 Conn. App. 178, 190, 623 A.2d 1052, cert. granted, 226 Conn. 912, 628 A.2d 985 (1993), appeal withdrawn January 7, 1994." (Internal quotation marks omitted.) *State* v. *Rogers*, 38 Conn. App. 777, 796, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996).

At trial, Terrance O'Brien, one of the plaintiffs, was asked on direct examination about statements that Chapman had made to him regarding a right-of-way on the property in question. The following colloquy occurred: "Plaintiffs' Counsel: You asked Mr. Chapman and the real estate agent while you were on the property?

"Mr. O'Brien: Yes

"Plaintiffs' Counsel: What was the response?

"Defendant's Counsel: Objection, Your Honor, hearsay. Can I ask that be stricken from the record?

"The Court: Overruled.

"Plaintiffs' Counsel: What did Mr. Chapman say? Just okay, or did he elaborate?

"Mr. O'Brien: I asked him. I said, 'I have a right-of-way, and it will be in the deed.' I was told yes.

"Defendant's Counsel: Objection, Your Honor. Grounds of hearsay, the statement of Mr. Chapman. It's clearly hearsay.

"Plaintiffs' Counsel: I believe that comes under the dead man statute, Your Honor.

"The Court: Is Mr. Chapman deceased?

"Plaintiffs' Counsel: Yes

"The Court: You agree to that?

"Defendant's Counsel: He is deceased. I stipulate to that. He's not a party to this action.

"The Court: Okay. Overruled.

"Plaintiffs' Counsel: You can respond to the question.

"Mr. O'Brien: He told me it would be included, yes."

The defendant claims that the trial court improperly admitted Chapman's hearsay declarations. Moreover, the defendant claims that he was prejudiced by the admission of these statements because the trial court relied on them in rendering judgment for the plaintiffs.

"It is an elementary premise of evidentiary law that a statement made out-of-court that is offered to establish the truth of the facts contained in the statement is hearsay." (Internal quotation marks omitted.) *Annecharico* v. *Patterson*, 44 Conn. App. 271, 275, 688 A.2d 1341 (1997). Section 52-172, however, admits statements of deceased persons in evidence as an exception to the hearsay rule. See C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.8.1, pp. 355–56.

Section 52-172 provides in relevant part: "In actions by or against the representatives of deceased persons . . . the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence. . . ." For § 52-172 to apply, however, the action must be by or against a representative of the deceased person. The term "representatives of deceased persons" has long been interpreted by our Supreme Court to include persons who take some portion of the deceased's estate, either as a devisee or heir, as well as a personal representative such as an executor or an administrator. *Bowne* v. *Ide*, 109 Conn. 307, 311, 147 A. 4 (1929); *Pixley* v. *Eddy*, 56 Conn. 336, 340, 15 A. 759 (1888); *Lockwood* v. *Lockwood*, 56 Conn. 106, 110, 14 A. 293 (1887). Here, the plaintiffs are not representatives of Chapman, and, therefore, the trial court improperly admitted Chapman's hearsay statements.

Despite that conclusion, however, we must also inquire whether their admission prejudiced the defendant. The defendant claims that he was prejudiced because Chapman's statements established the intention of the parties, a crucial element in a claim of an easement by implication. He also claims that the trial court specifically relied on this testimony in ruling for the plaintiffs. Notwithstanding the fact that the trial court did discuss the intention of the parties in its memorandum of decision, its final conclusion was "that the plaintiffs have acquired an easement by necessity." In an easement by necessity, intent is presumed; see *Collins* v. *Prentice*, 15 Conn. 39, 43 (1842) (setting forth law respecting easements by necessity); and, in this case, the two elements required for an easement by necessity, common owner and a showing of a reasonable necessity, were present. Therefore, the trial court's findings regarding Chapman's statement to O'Brien and the intention of the parties were irrelevant. The defendant, therefore, was not prejudiced by their admission. Accordingly, we conclude that the admission of Chapman's hearsay statements, although improper, did not prejudice the defendant or affect the outcome of the trial.

The judgment is affirmed.

In this opinion the other judges concurred.