[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO CITE #109
On October 22, 1997, the plaintiff, John Martin, filed a motion to cite in an additional defendant, the State of Connecticut — Department of Mental Retardation. The defendant, Peter O'Meara, has filed an objection to the plaintiff's motion based on the ground that "an action against the Department of Mental Retardation is barred by the doctrine of sovereign immunity."
There is considerable confusion at the trial court level regarding whether it is appropriate to address, on a motion to cite in an additional defendant, the merits of the action that is the subject of the motion. See, e.g., Stockton v. Corporate CenterWest Associates, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 544437 (Feb. 5, 1997) (Hennessey, J.) (denying motion to cite in "on the grounds that the duty of care owed by the defendant landowner to the plaintiff cannot be delegated to the contractor."); Price v. Castro, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 542538, 20 CONN. L. RPTR. 261 (Sept. 16, 1997) (Sullivan, J.) ("It is improper to determine whether the statute of limitations has run on a claim against a non-defendant tortfeasor on a motion to cite in that person . . . This issue is more appropriately addressed by that person after he has been made a party to the action."); See alsoBohan v. Last, 236 Conn. 670, 673, 674 A.2d 839
(1996) ("The trial court, Fracasse, J., permitted the joinder of the additional defendants but expressly declined to rule on the substantive merits of the defendants' third party complaint.").
The relevant Practice Book section and statute are silent regarding the scope of review for a motion to cite in: "Any motion to cite in or admit new parties must comply with Sec. 196 and state briefly the grounds upon which it is made." Practice Book § 103. "Any court, or a judge when the court is not in session, upon motion, may cite in a new party or parties to any action pending before the court or judge . . ." General Statutes § 52-103.
This court finds that it is inappropriate, on a motion to cite in an additional defendant, to address the merits of the underlying action that is the subject of the motion. "Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court . . . Factors to be CT Page 3908 considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Son, Inc. v. Loricco,19 Conn. App. 8, 14, 561 A.2d 142 (1989).
This conclusion makes sense when considering that the court does not necessarily have the complaint, asserting the cause of action against the additional defendant, at the time that the ruling on the motion to cite in is made. "Any motion to cite in or to admit new parties [only] must state the grounds on which it is made." F. P., Inc. v. Collegium Wethersfield Ltd.,33 Conn. App. 826, 831, 639 A.2d 527 (1994).
Further, "[w]hen a new party is cited as a defendant he is entitled to the same service that would have been required if made a defendant at the beginning of the action." (Internal quotation marks omitted.) George v. Delpo, Superior Court, Judicial District of Waterbury, Docket No. 124137, 18 CONN. L. RPTR. 519 (Jan. 2, 1997) (Pellegrino, J.). Therefore, all of the procedural vehicles available to challenge the adequacy of the complaint will be available to the cited in defendant following service upon it.
Additionally, and unique to the present case, the court questions the standing of a defendant to assert the defense of sovereign immunity against an action not yet asserted against a potential co-defendant. Logically, only the sovereign itself has standing to assert the doctrine of sovereign immunity. The defendant, rather than the State of Connecticut, is making the sovereign immunity argument here.
Finally, the court is mindful of the fact that when arguments are made regarding the legal sufficiency of a complaint, as in a motion to strike, oral argument is available as of right. See Practice Book § 211. There is no such automatic right attached to a motion to cite in an additional defendant. Therefore, it logically may be concluded that since no argument as of right is available on a motion to cite in, the legislature and/or rules committee never intended for the court to address the legal sufficiency or merits of an action on a motion to cite in.
Based on the above discussion, and recalling that the "[f]actors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a CT Page 3909 complete determination of the issues," the plaintiff's motion to cite in the State of Connecticut — Department of Mental Retardation is granted. The court notes, however, that it has not reached any of the defendant's arguments regarding the application of sovereign immunity to the present case.
The plaintiff has also filed a request for leave to amend the complaint. The defendant has filed an objection to the motion to amend the complaint on the ground that "the court does not have subject matter jurisdiction over the proposed count." The court reaches a similar conclusion regarding this objection as it did regarding the objection to cite in an additional defendant.
Both the Practice Book and relevant statute are instructive regarding the factors for the court to consider on a motion to amend. Practice Book § 176 states: "The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. If the amendment occasions delay in the trial or inconvenience to the other party, the court may award costs in its discretion in his favor. For the purposes of this rule, a substituted pleading shall be considered an amendment." General Statutes § 52-130 reads substantially the same with regards to this issue. The factors for a court to consider, according to the statute and Practice Book, do not include the legal merits of the claim, or the jurisdiction over the proposed subject matter.
There is further support for a court's refusal to address substantive issues on a motion to amend. The scope of review of a trial court's decision on a motion to amend a pleading is stated as follows: "A trial court has wide discretion in granting or denying amendments of pleadings and rarely will [an appellate] court overturn the decision of the trial court." O'Brien v. Coburn,46 Conn. App. 620, 625, 700 A.2d 81, cert. denied, 243 Conn. 938, ___ A.2d ___ (1997). The scope of review of a trial court's decision on a motion to dismiss for lack of subject matter jurisdiction, however, is far from an abuse of discretion standard. See generally, Coppola v. Coppola, 243 Conn. 657, ___ A.2d ___ (1998). If the court were to deny a motion to amend based on a lack of jurisdiction over the proposed subject matter, that ruling would improperly be subject to an abuse of discretion review. This factor alone prompts the court to not reach substantive arguments on such a benign motion.
General Statutes § 52-130, Practice Book § 176, and the CT Page 3910 applicable case law make it clear to this court that it should not engage in an analysis of the legal sufficiency or merits of the proposed complaint when using its discretion to decide a request for leave to amend. Any arguments going to the sufficiency of the amended complaint, or whether the court has jurisdiction over the subject matter of the amended complaint, are better suited for a motion to strike, motion to dismiss, or other appropriate procedural vehicle a challenging party might have available to it.
The court notes that "subject matter jurisdiction can be raised at any time. . . ." Gagnon v. Planning Commission,222 Conn. 294, 297, 608 A.2d 1181 (1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Figueroa v. C S BallBearing, supra, 237 Conn. 4. In the present case, however, the defendant raises the issue of jurisdiction over subject matter not yet before the court. Therefore, the court need not, and should not, address the merits of the arguments regarding the court's subject matter jurisdiction over the proposed amended complaint.
Based on the above discussion, the plaintiff's request for leave to amend the complaint is granted.
So Ordered.
KARAZIN, J.