[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an uninsured motorist case instituted by the plaintiffs, Eileen Prezioso and Robert Salerno, against the defendant Nationwide Mutual Insurance Company. The complaint is dated October 20, 1998 and was served on the defendant on October 22, 1998. The court finds the material, undisputed facts to be as follows. The complaint alleges that the plaintiffs were involved in an accident with an uninsured motorist on September 23, 1992. On October 5, 1992, plaintiff's counsel, George D'Amico, sent a letter to the defendant, advising the defendant that the driver allegedly causing the accident was uninsured and that the plaintiffs intended "to commence an uninsured motorist claim." See Attachment to Defendant's Motion for Summary Judgment. In its answer to the complaint, the defendant asserts a special defense claiming that the plaintiff's action is barred by the statute of limitations. The plaintiffs filed a reply generally denying the claims of this special defense. Pending before the court is the defendant's motion for summary judgement. In this motion, the defendant claims that there are no CT Page 11403 material issues of disputed fact, that this case is barred under the six year statute of limitations of Section 52-576 (a) of the General Statutes, and that it is entitled to summary judgement as a matter of law.
The standards governing the granting of a motion for summary are well established and will not be repeated at length here. See P.B. §§ 17-44
et seq.; Wilson v. New Haven, 213 Conn. 277, 279 (1989); Yanow v. TealIndustries, 178 Conn. 262, 268 (1979). A motion for summary judgment is an appropriate means to assert that a claim is barred by the statute of limitations. See Doty v. Mucci, 238 Conn. 800, 806 (1996).
The Supreme Court has established in Polizos v. Nationwide, 255 Conn. 601
(2001) that the six year statute of limitations starts when the plaintiff knew or should have known that the alleged tortfeasor was uninsured. In this case, the plaintiffs knew or should have known about the uninsured status of the tortfeasor at least by October 5, 1992 when their counsel advised the defendant that the tortfeasor was uninsured and that they would therefore be making an uninsured motorist claim against the defendant. As the complaint was served more than six years beyond this date, the complaint is barred by the statute of limitations of Section52-576 (a). The plaintiffs' claims to the contrary are quite frivolous.
The plaintiffs claim that even now, almost nine years after the accident, it is still unclear whether the tortfeasor was in fact uninsured, and if so, it is unclear what specific date the uninsured status began. Therefore, the plaintiffs reason that an issue of fact exists about the tortfeasor's insured status precluding summary judgment. Stated differently, the plaintiffs insist that because they do not actually know about the tortfeasor's insurance status and the defendant has not definitively proven this status, summary judgement should be denied. This defense is meritless. As held by the court inPolizos, the statute of limitations starts when the plaintiffs knew orshould have known that the tortfeasor was uninsured: a plaintiff should not be allowed to "postpone any inquiry about the insured status of the [tortfeasor] until many years after an accident, and then wait six more years to present a claim to his or her insurer." Id., 614. Starting the accrual of the statute of limitations when the plaintiffs knew or reasonably should have known about the uninsured status of the tortfeasor injects some objectivity into the statute of limitations analysis. As explained by the Supreme Court in Polizos, the imposition of this standard forecloses the exact type of "manipulation" that the plaintiffs are attempting to engage in here. Id., at 614.
Although not raised in any of the pleadings or in any written response to the summary judgment motion, plaintiffs' counsel intimated at the CT Page 11404 first hearing on the motion that the accidental failure of suit statute (C.G.S. § 52-592 (a))applies to extend the statute of limitations in this case. This argument is premised on the dismissal of an earlier case between the parties. See Prezioso, et al. v. Nationwide Mutual insuranceCo., et al, CV-94-0317090, Superior Court, judicial district of Fairfield at Bridgeport. The court (Skolnick, J.) gave the parties leave to brief this issue, and the parties briefed this issue.
Although, the defendant contends that Section 52-592 (a) does not apply because the earlier case was dismissed for wilful, egregious violations of discovery orders and practice book rules, the court does not reach this issue. The defense that the accidental failure of suit applies to extend the statute of limitations is a matter in avoidance of the allegations of the defendant's special defense, and as such, must be specially pleaded in the plaintiffs' reply. P.B. § 10-57; see RossRealty Corp. v. Surkis, 163 Conn. 388, 392 (1972) ("matters in avoidance of the statute of limitations need not be pleaded in the complaint but only in response to such a defense properly raised."); see generally,Simmons v. Southern Connecticut Gas Co., 7 Conn. App. 245, 250-252
(1986). The plaintiffs have not asserted this defense in their reply to the defendant's statute of limitations defense. The plaintiffs have not requested leave to amend the reply to assert a claim under § 52-592, and the defendant obviously has not waived the failure to so plead. As the accidental failure of suit statute has not been raised in the plaintiffs' reply as required by the rules of practice, this matter cannot be raised now through argument in opposition to the motion for summary judgment. See generally, Simmons v. Southern Connecticut Gas Co., supra.
Therefore, for these reasons, defendant Nationwide Mutual Insurance Company's motion for summary judgment is hereby granted.
Dated the 8th day of August 2001.
STEVENS, J.