## STATE OF CONNECTICUT *v.* ANTHONY SINCHAK
### (SC 15854)

Callahan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued December 8, 1998—officially released January 19, 1999

---

*Pamela S. Nagy*, assistant public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva Lenczewski*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court; *State* v. *Sinchak*, 47 Conn. App. 134, 703 A.2d 790 (1997); limited to the following issues: (1) "Whether the rule set forth in *State* v. *McPhail*, 213 Conn. 161 [567 A.2d 812] (1989), should be overruled and a midline approach should be used to decide whether one has been deprived of a fair and valid probable cause hearing?" and (2) "Whether the Appellate Court correctly determined the state's nondisclosure of exculpatory documents prior to or at the probable cause hearing did not deprive the defendant of a fair trial?" *State* v. *Sinchak*, 243 Conn. 964, 707 A.2d 1266 (1998).

With respect to the first question certified, we have determined that certification was granted improvidently. The rule of *State* v. *McPhail*, supra, 213 Conn. 161, best would be addressed in conjunction with the rules set forth in *State* v. *Boyd*, 214 Conn. 132, 570 A.2d 1125 (1990), and *State* v. *Mitchell*, 200 Conn. 323, 512

A.2d 140 (1986). The continued validity of the rules of *Boyd* and *Mitchell*, however, was not certified and, therefore, not briefed or argued in this case.

With respect to the second question certified, after examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that certification was granted improvidently.

The appeal is dismissed.