PACIFIC LAND EXCHANGE *v.* STANLEY M.
HUNTS ET AL.
(AC 17406)

O'Connell, C. J., and Hennessy and Dupont, Js.

Argued November 3, 1998—officially released March 23, 1999

*David F. Borrino*, for the appellant (plaintiff).

*William C. Franklin*, for the appellee (named defendant).

*Opinion*

HENNESSY, J. The plaintiff, Pacific Land Exchange, appeals from the trial court's denial of its motion for a deficiency judgment against the defendant Stanley M. Hunts[1] after the trial court rendered a judgment of strict foreclosure in its favor. The plaintiff claims that the trial court improperly denied its motion for a deficiency judgment because it improperly excluded evidence of the listing of the subject property for sale and excluded the testimony of the plaintiff's expert witness as to the effect the excluded evidence would have on his opinion regarding the fair market value of the property. The plaintiff argues, therefore, that the trial court failed to provide it with a full and complete hearing on its motion and urges this court to reverse the decision of the trial court and to remand the matter for a full and complete hearing. We affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. The plaintiff commenced a mortgage foreclosure action against the defendant with respect to two parcels of property located in Litchfield. On December 9, 1996, the trial court rendered a judgment of strict foreclosure, and the title to the property vested in the plaintiff in January, 1997. On January 27, 1997, the plaintiff filed a motion for a deficiency judgment.

The plaintiff's claims challenge the evidentiary rulings of the trial court. "Our standard of review regarding

---

[1] In addition to the named defendant, Stanley M. Hunts, several subsequent encumbrancers were named as defendants. We refer in this opinion to Hunts as the defendant.

challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [party raising the challenge] of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *O'Brien* v. *Coburn*, 46 Conn. App. 620, 630–31, 700 A.2d 81, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997).

I

The plaintiff first argues that the trial court improperly excluded evidence of the listing price and evidence of the property's failure to sell at the listing price, which it claims is the most probative evidence as to the fair market value of the property and is not hearsay.

The following facts are relevant to our resolution of this issue. At the June 24, 1997 hearing, the plaintiff called Arthur Oles, a real estate appraiser, as a witness. On direct examination, Oles was asked, "Has there been anything that happened since you have appraised the property as of January 13, 1997, which indicates whether or not your appraised value for that is accurate or whether there has been a change." Oles answered that "the property is now on the market. It is in the Litchfield County Multiple Listing Services." The defendant's counsel objected, stating, "I don't want any hearsay when Pacific Land is looking for a deficiency as to what Pacific Land listed the property for. If they want to come in and testify to its value, fine, but I don't want any testimony in this regard on a hearsay basis." The trial court sustained the objection. The plaintiff did not offer any argument to contest the trial court's ruling. On appeal, the plaintiff argues that the listing price was

probative, relevant, and was not hearsay because it was not offered to prove the truth of the matter asserted—the value of the property—but was offered only "to show the upper range of the value of the property in the marketplace."

"An out-of-court statement offered to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception to the general rule applies." *State* v. *Hines,* 243 Conn. 796, 803, 709 A.2d 522 (1998). It was the plaintiff's responsibility to alert the trial court that it planned to offer the testimony for a purpose other than to prove the truth of the matter asserted so as to preserve its claim for appellate review. "We have not yet reached a jurisprudential stage where we require trial judges to be mentally telepathic." *State* v. *Ulen,* 31 Conn. App. 20, 29, 623 A.2d 70, cert. denied, 226 Conn. 905, 625 A.2d 1378 (1993). "To review the [plaintiff's] claim, articulated for the first time on appeal, would result in a trial by ambuscade of the trial judge. See *State* v. *Newsome,* 238 Conn. 588, 597, 682 A.2d 972 (1996); *State* v. *Prioleau,* 235 Conn. 274, 311, 664 A.2d 743 (1995)." *O'Shea* v. *Mignone,* 50 Conn. App. 577, 587, 719 A.2d 1176 cert. denied, 247 Conn. 941, 723 A.2d 319 (1998). Because we are not required to consider a claim raised for the first time on appeal or not properly preserved at the trial court; Practice Book § 60-5; we decline to review the trial court's ruling on the basis of the plaintiff's newly articulated ground for admissibility. The only ground with which the trial court was presented for excluding the testimony was that it was hearsay. On the basis of that objection, we conclude that the ruling to sustain the objection was not an abuse of discretion.

## II

The plaintiff further argues that the trial court improperly excluded testimony by its expert regarding

the effect that the excluded evidence would have had on his opinion as to the fair market value of the property. We disagree.

The following facts are relevant to our resolution of this issue. After the trial court sustained the defendant's objection on the admissibility of the listing price and evidence of the property's failure to sell at that listing price, the plaintiff's attorney continued to question Oles. Oles was asked on direct examination, "Let me approach it this way. Has a certified real estate appraiser actually considered the marketplace to be a more or less reliable indicator of fair market value than an appraisal done by an appraiser without regard to what actually happened in the marketplace?" Oles answered, "Well, certainly the market place is the ultimate arbiters, the ultimate source of appraisers' information and appraisers' opinion. So the marketplace is what we are supposed to be reflecting."

Oles was next asked, "If a property has been listed at a particular price in the marketplace for a significant period of time and has not sold, what information would that convey to you as an expert with regard to value in real property in . . . Connecticut?" The defendant's counsel objected, stating, "I am going to object to that, Your Honor. That is totally speculative. You can have a piece of property on for half its value and pile junk up in the front yard and nobody would be interested in buying it no matter what its price is. So I think that calls for pure speculation." The trial court sustained the objection. The plaintiff did not offer any argument to the trial court as to the admissibility of the testimony. On appeal, however, the plaintiff argues as if the objection were sustained because the testimony was hearsay. The plaintiff claims that an expert, testifying as to fair market value of property, routinely forms an opinion based on hearsay evidence and the trial court should not have precluded the expert from expressing an opinion

based on this information. The only ground with which the trial court was presented for excluding the testimony was that it was speculative. On the basis of that objection, we conclude that the ruling to sustain the objection was not an abuse of discretion.

The plaintiff further argues that, because the trial court improperly excluded evidence, the trial court failed to provide the plaintiff with a full and complete hearing on its motion for deficiency judgment and that equity requires reversal for a full and complete hearing. We disagree. Because we find that the trial court did not abuse its discretion, the plaintiff's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.