LAWRENCE PUCHALSKY *v.* THEODORE
RAPPAHAHN ET AL.
(AC 20538)

Foti, Mihalakos and Dupont, Js.

---

Argued February 16—officially released April 24, 2001

*Robert M. Fitzgerald*, for the appellant (plaintiff).

*Richard C. Mahoney*, with whom, on the brief, was *Shannon K. McCarthy*, for the appellee (named defendant).

*Nancy S. Rosenbaum*, for the appellee (defendant Barrieau Express, Inc.).

### Opinion

FOTI, J. The plaintiff, Lawrence Puchalsky, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants. On appeal, the plaintiff claims that the court improperly (1) admitted certain evidence concerning hospital records, (2) charged the jury on the doctrine of sudden emergency

and (3) failed to set aside the verdict.[1] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 14, 1997, at approximately 5:55 a.m., the plaintiff was walking on a picket line at the premises of the defendant Barrieau Express, Inc. (Barrieau), his place of employment in Hartford. The plaintiff was among a group of ten to twenty other picketers when the other defendant in this action, Theodore Rappahahn, approached in his vehicle and stopped behind another employee's car. When a break in the picket line occurred, the first vehicle proceeded, and Rappahahn's vehicle followed closely behind it. The picketers were verbally abusive and someone yelled, "Charge, stop him." Suddenly, the picketers converged in a hostile fashion around Rappahahn's vehicle. The plaintiff pounded on the hood and windshield of the car and yelled, "Stop, stop." Rappahahn proceeded forward in the vehicle, and the plaintiff was knocked to the ground when he collided with the passenger side of the car. The plaintiff was then taken by ambulance to Hartford Hospital for treatment.

The plaintiff instituted an action by serving a four count complaint against Rappahahn and Barrieau for personal injuries that he allegedly had sustained as a result of the incident. The first count of the complaint alleged negligence against the operator, Rappahahn,[2] and the second count alleged deliberate or reckless conduct on the part of Rappahahn, for which the plain-

---

[1] The plaintiff's statement of issues states the third issue as: "Was the jury finding that the defendant Rappahahn was not acting as the agent, servant [or] employee of the defendant Barrieau Express, Inc., in the scope of his agency and employment clearly erroneous?" At oral argument, the plaintiff acknowledged that the issue should have been stated as whether the court improperly denied his motion to set aside the verdict.

[2] We note that Rappahahn's name has been spelled differently throughout the briefs and the record as "Rappahahn" and "Rappahan."

tiff sought exemplary damages. The third and fourth counts of the plaintiff's complaint were directed against Barrieau and claimed vicarious liability and premises liability.[3] By way of special defenses, the defendants, in their respective answers to the plaintiff's complaint, alleged that any injury sustained by the plaintiff resulted from his own negligence and carelessness, which was a substantial factor in causing him to fall.

The parties submitted court-approved interrogatories to the jury specifically addressing whether Rappahahn was negligent and whether he was acting as an agent of Barrieau at the time of the accident. The jury answered both interrogatories in the negative and returned a verdict for the defendants.

I

The plaintiff first claims that the court improperly admitted certain portions of the plaintiff's hospital records into evidence. We disagree.

During cross-examination of the plaintiff, the defendants offered into evidence, pursuant to General Statutes §§ 4-104 and 52-180, the plaintiff's medical records from his treatment at the Hartford Hospital emergency room on the date of the incident. Counsel for Rappahahn claimed that the records were germane to the plaintiff's need for medical treatment and also, in part, constituted admissions against interest by the plaintiff.[4] The plaintiff objected on the basis of inadmissible hearsay and because the defendants had failed to lay an adequate foundation concerning who had made the statements. Further, the plaintiff claimed that the

---

[3] The fourth count, alleging premises liability, is not a part of this appeal.

[4] On direct examination, the plaintiff testified that he had been transported to the emergency room at Hartford Hospital and had been treated there for the injuries sustained as a result of being struck by a car driven by Rappahahn. The injuries sustained and cost of treatment were elements of the damages for which he sought compensation in the present case.

records were not germane to his treatment and were more prejudicial than probative.

The court sustained the plaintiff's objections in part, but allowed into evidence the following portions of the hospital records. Because the documents are in shorthand, the following is a translation of the notations. (1) "Thirty-six year old male with history of diabetes is hard of hearing, who, while in a picket line, was hit by a car trying to make (or inch) its way through line"; (2) "triage note: patient at strike—car moving slowly through picket line . . . was struck on left side, hit arm on mirror of car, spun around onto ground"; and (3) "patient states while 'walking the line' . . . he was brushed up against car, causing patient to spin, 'once or twice'—to the ground."

The court concluded that the information was germane to the diagnosis and treatment of the plaintiff's injuries. Further, the court found that the jury reasonably could infer that the first two excerpts came from the plaintiff and constituted admissions.

"Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [party raising the challenge] of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . . *O'Brien* v. *Coburn*, 46 Conn. App. 620, 630–31, 700 A.2d 81, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997)." (Internal quotation marks omitted.) *Pacific Land Exchange* v. *Hunts*, 52 Conn. App. 362, 363–64, 727 A.2d 1281 (1999).

"Evidence is admissible only if it is relevant. *Tomlinson* v. *Board of Education*, 226 Conn. 704, 728, 629 A.2d 333 (1993). Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . *State* v. *Cosby*, 44 Conn. App. 26, 31, 687 A.2d 895 (1996), cert. denied, 240 Conn. 910, 689 A.2d 474 (1997). It is well settled that questions of relevance are committed to the sound discretion of the trial court. *State* v. *Weidenhof*, 205 Conn. 262, 277, 533 A.2d 545 (1987). *State* v. *Lyons*, 43 Conn. App. 704, 707, 686 A.2d 128 (1996), cert. denied, 240 Conn. 906, 688 A.2d 335 (1997)." (Internal quotation marks omitted.) *First Federal Bank, FSB* v. *Gallup*, 51 Conn. App. 39, 41–42, 719 A.2d 923 (1998).

Sections 4-104[5] and 52-180[6] allow otherwise inadmissible hearsay to be admissible, with certain limitations. Hospital records are admissible provided they contain information bearing on diagnosis or treatment. *D'Amato* v. *Johnston*, 140 Conn. 54, 61, 97 A.2d 893 (1953).

---

[5] General Statutes § 4-104 provides in relevant part: "Any and all parts of any such [hospital] record or copy, if not otherwise inadmissible, shall be admitted in evidence without any preliminary testimony, if there is attached thereto the certification in affidavit form of the person in charge of the record room of the hospital or his authorized assistant indicating that such record or copy is the original record or a copy thereof, made in the regular course of the business of the hospital, and that it was the regular course of such business to make such record at the time of the transactions, occurrences or events recorded therein or within a reasonable time thereafter. . . ."

[6] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

Here, considering the nature of the records themselves, the court properly admitted the first two statements because the jury reasonably could have inferred that the plaintiff had made the statements. Furthermore, the third statement is not contested by the plaintiff as lacking a foundation to establish that it was his statement.

The plaintiff, however, also argues that the court improperly applied the standard for admissibility in that none of the statements admitted was shown to be germane to medical treatment and each was more prejudicial than probative.[7] "[S]ince the business of a hospital is treating patients, information that is not relevant to the medical treatment of the patient is inadmissible . . . [and] is subject to redaction by the trial court." (Citations omitted.) *Aspiazu* v. *Orgera*, 205 Conn. 623, 627–28, 535 A.2d 338 (1987).

If, however, the information in the hospital record is germane to the diagnosis and treatment of the plaintiff's injuries, it is admissible. See *Kelly* v. *Sheehan*, 158 Conn. 281, 284–85, 259 A.2d 605 (1969). In *Kelly*, our Supreme Court addressed the issue of whether a statement in a hospital record that was otherwise inadmissible as unrelated to diagnosis or treatment was admissible as a part of an admission. The court held that the statement, which concerned the identity of the driver, was not admissible as an admission because the record did not clearly reflect that the plaintiff had made the statement. Id., 286.

---

[7] "The balancing of the probative value of evidence against its prejudicial effect has been left to the sound discretion of the trial courts. *State* v. *Tucker*, 181 Conn. 406, 416, 435 A.2d 986 (1980). This determination will be disturbed only where there is a clear abuse of discretion or where manifest injustice has been done. Id.; *State* v. *Alford*, 37 Conn. App. 180, 186, 655 A.2d 782, cert. denied, 234 Conn. 914, 660 A.2d 357 (1995)." *State* v. *Sinchak*, 47 Conn. App. 134, 144–45, 703 A.2d 790 (1997), appeal dismissed, 247 Conn. 440, 721 A.2d 1193 (1999).

Here, the origin of the plaintiff's injuries was germane to the diagnosis and assessment of those injuries. This is particularly true in this case because the plaintiff was struck by a car, and the treating medical personnel at the hospital needed to know, among other things, what part of the car had struck him and at what speed. The ruling on the admissibility of the evidence rested within the discretion of the court, and, under these facts, we cannot conclude that the court abused its discretion.

## II

The plaintiff next claims that the court improperly instructed the jury on the doctrine of sudden emergency, an instruction requested by Rappahahn. We disagree.

The plaintiff objected to the court giving the charge on the doctrine of sudden emergency on the basis that the facts of the case were insufficient to allow such an instruction. The court instructed the jury as follows: "We have a doctrine that says if you find each of the following elements, first, that an emergency actually existed—now we're talking about, again, a reasonably prudent person. If you're a reasonably prudent person driving in like . . . Rappahahn and you get to the point where there is stoppage before you proceed on, would you as a reasonably prudent person consider that an emergency? But we also have to take into consideration this is . . . Rappahahn. He may not feel like you and me. He may be more susceptible to get excited about emergencies or less. We don't know. But if he did think an actual emergency existed, and he convinces you that he so thought, then you can find it. The second thing you have to find, if you're going to talk about emergency, is did the defendant cause the emergency, the perilous situation. Well, he didn't cause it, I guess, by coming to work or starting in the driveway. The question is when did it get perilous as far as he was concerned,

and did he cause any of that? If he did, the emergency doctrine is applicable. You also have to find that he was confronted with an emergency and chose a course of action which would or might have been taken by a person of reasonable prudence in a similar situation. If you were there, what would you have done? Would you have gotten out of the car? Called the police? Driven forward? What would you have done as a reasonably prudent person?"

The plaintiff argues that there was no evidence that the perilous situation was not caused, at least in part, by Rappahahn's own actions. The plaintiff further argues that the defendant had the opportunity to choose between alternative courses of action.

"Whether a charge on the doctrine of sudden emergency was applicable is determined by the claims of proof advanced by the parties." *Miller* v. *Porter*, 156 Conn. 466, 468, 242 A.2d 744 (1968). "Evidence was required which would be sufficient to support a finding (1) that an emergency actually existed, (2) that the perilous situation was not created by the defendant, and (3) that the defendant, confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation." Id., 469.

The record contains evidence that Rappahahn encountered an emergency and that he did not create the perilous situation.[8] Further, the record contains evi-

---

[8] We cannot conclude, as the plaintiff argues, that the court improperly commented on the evidence. Rappahahn's going to work and passing through a picket line did not, per se, create an emergency or cause the perilous situation.

"[A] trial court often has not only the right, but also the duty to comment on the evidence. . . . Fair comment does not become improper merely because it tends to point out strengths, weaknesses, or difficulties of a particular case. . . . The trial court may, at its discretion, call the attention of the jury to the evidence, or lack of evidence, bearing upon any point in issue and may comment upon the weight of the evidence so long as it does not direct or advise the jury how to decide the matter." (Internal quotation

dence that when he was confronted with the emergency, he chose to proceed forward rather than stop or even retreat. We therefore conclude that the evidence presented was sufficient to allow the court to instruct the jury on the doctrine of sudden emergency.[9]

### III

The plaintiff next claims that the court improperly denied his motion to set aside the verdict. In support of his claim, the plaintiff argues that the jury could not reasonably have concluded that Rappahahn was not acting as an agent of Barrieau at the time of the accident. We disagree.

The parties agreed on and submitted interrogatories to the jury. The jury found that Rappahahn was not negligent. At that point, it did not matter whether Rappahahn was an agent of Barrieau because no liability could attach to Barrieau. The jury, however, also answered the agency question in the negative.

A jury's finding of fact cannot be clearly erroneous if there is evidence to support that finding. The plaintiff's agreement to submit the question to the jury, by necessity, presupposes that the jury had sufficient evidence to answer that question.

The judgment is affirmed.

In this opinion the other judges concurred.

---

marks omitted.) *State* v. *Caballero*, 49 Conn. App. 486, 493, 714 A.2d 1254, cert. denied, 247 Conn. 924, 719 A.2d 1170 (1998).

[9] We note that the plaintiff does not raise on appeal that the wording or content of the instruction itself on sudden emergency was in any way improper or inadequate. We therefore do not decide whether the court's instruction accurately reflected the sudden emergency doctrine and correctly informed the jury concerning the plaintiff's duty to exercise reasonable care under the emergent circumstances.