JEFFREY WHITE *v.* TOWN OF WESTPORT ET AL.
(AC 21402)

Lavery, C. J., and Schaller and Hennessy, Js.

Argued June 10—officially released September 10, 2002

*John T. Loforese*, for the appellant (plaintiff).

*James E. Coyne*, with whom, on the brief, was *Colleen D. Fries*, for the appellees (defendants).

### Opinion

HENNESSY, J. The plaintiff, Jeffrey White, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant town of Westport.[1] The plaintiff brought a one count action pursuant to General Statutes § 13a-149,[2] the highway defect statute.

---

[1] The town clerk of the town of Westport also was named as a defendant. We refer in this opinion to the town of Westport as the defendant.

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears

On appeal, the plaintiff claims (1) that the court improperly excluded certain evidence, (2) that the court improperly denied his motion to set aside the verdict and (3) that the jury improperly found that the defendant did not have a reasonable time to repair the highway defect. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 5, 1994, the plaintiff operated his motorcycle eastbound on Beachside Avenue, a public road in Westport. As the plaintiff began to cross a bridge, he lost control of his motorcycle as a result of sand on the roadway. The plaintiff sustained injuries when his motorcycle went off the road and slid into a stone wall.

The plaintiff thereafter brought an action against the defendant for allegedly failing to maintain the roadway in a safe condition. During the trial, the court declined to admit certain evidence. Specifically, the court excluded, as irrelevant, the testimony of a woman who lived near the site of the accident and who would have testified about the general condition of the road near the accident site and about a letter she had written to the defendant in 1990 describing the presence of sand on Beachside Avenue, and the testimony of a town employee describing the presence of sand on sidewalks near the accident site.

The jury returned a verdict for the defendant. The jury, in answering interrogatories, found that the presence of sand on Beachside Avenue constituted a defect and that the defendant had notice of that specific defect. It also determined that the defendant did not have a reasonable opportunity after notice of the specific defect to remove it.[3] The court denied the plaintiff's

that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[3] In accordance with the instructions on the jury interrogatory form, the jury did not answer the fourth question, which asked whether the plaintiff had proved that he exercised due care at the time of the accident.

motion to set aside the verdict and rendered judgment for the defendant. The plaintiff now appeals. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly excluded certain evidence. Specifically, the plaintiff argues that the court improperly excluded as irrelevant (1) the testimony of Carol C. Johnson, which was offered to describe the sand on the road near the accident site, (2) the 1990 letter written by Johnson describing that sand generally existed on Beachside Avenue four years prior to the plaintiff's accident and (3) the testimony of the defendant's director of public works, Stephen Edwards, which would have described the presence of sand on the sidewalks. We disagree.

Initially, we set forth the applicable standard of review. "It is well settled that [t]he trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [Its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make *every reasonable presumption* in favor of upholding the trial court's ruling, and only upset it for a *manifest abuse of discretion*." (Emphasis in original; internal quotation marks omitted.) *Van Nest* v. *Kegg*, 70 Conn. App. 191, 201, 800 A.2d 509 (2002).

As an preliminary step to determining the admissibility of evidence, the trial court must find that the offered evidence is relevant. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable." (Internal

quotation marks omitted.) *Boretti* v. *Panacea Co.*, 67 Conn. App. 223, 227, 786 A.2d 1164 (2001), cert. denied, 259 Conn. 918, 791 A.2d 565 (2002). "Conversely, 'evidence that is not relevant is inadmissible.' Conn. Code Evid. § 4-2." *State* v. *Sanchez*, 69 Conn. App. 576, 584, 795 A.2d 597 (2002); C. Tait, Connecticut Evidence (3d Ed. 2001) § 4.2.3, p. 204.

The pleadings of the parties frame the issues that are relevant during the trial. To bring a successful claim under § 13a-149, the plaintiff must prove "(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) *Prato* v. *New Haven*, 246 Conn. 638, 642, 717 A.2d 1216 (1998); *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981).

Our Supreme Court has stated that "[t]he notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent [to] liability for those injuries, *is notice of the defect itself* which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." (Emphasis in original; internal quotation marks omitted.) *Prato* v. *New Haven*, supra, 246 Conn. 642.

## A

The defendant claims that the court improperly excluded the testimony of Johnson. We disagree. Johnson, a resident of Westport who lived near the accident site, testified during the plaintiff's offer of proof regarding the presence of sand on the roads in Westport during the spring and summer months. She stated that the defendant did not adequately remove the sand after the winter months. She was not, however, able to testify as to the location of the accident or whether sand was present at the site of the accident. She could state only that she had observed sand in the general area of the accident. Consequently, the court ruled that her testimony was not relevant and therefore not admissible.

The plaintiff relies on *Ormsby* v. *Frankel*, 255 Conn. 670, 768 A.2d 441 (2001), to support his argument that Johnson's testimony was relevant as evidence of constructive notice.[4] In *Ormsby*, the plaintiff drove over an ice patch and lost control of her motor vehicle. Id., 674–75. The court permitted the plaintiff to provide evidence of the existence of previous and recurring icing conditions *"at the same location where the plaintiff's accident occurred . . . ."* (Emphasis added.) Id., 677. Our Supreme Court affirmed that ruling. Id., 681.[5]

The facts of the present case are distinguishable from those in *Ormsby*. Johnson could not testify as to the presence of sand at the actual accident site, but only as to sand in the general area of Beachside Avenue. The presence of sand in the general area, however, is not

---

[4] Although *Ormsby* v. *Frankel*, supra, 255 Conn. 670, is distinguishable on its facts, the trial court's reasoning in that case is instructive. The court stated: "[The] issue of the prior awareness of similar defects does not prove knowledge of this particular defect . . . but I think it's relevant to the issue of notice and relevant to the issue of the time period as argued." (Internal quotation marks omitted.) Id., 680.

[5] See also *Ormsby* v. *Frankel*, 54 Conn. App. 98, 734 A.2d 575 (1999), aff'd, 255 Conn. 670, 768 A.2d 441 (2001).

relevant to the plaintiff's claim. The general presence of sand on Beachside Avenue was not an issue in the case, and therefore Johnson's testimony was irrelevant to the plaintiff's claim.

Additionally, Johnson could not identify the specific location where the accident occurred. The plaintiff, to successfully bring his claim pursuant to § 13a-149, must prove a specific defect. Id., 676. Johnson lacked personal knowledge of the actual site of the plaintiff's accident. She knew only of the presence of sand in the general area where the plaintiff's accident occurred. Absent personal knowledge of the conditions at the specific accident site, Johnson could not testify about those conditions. See *Gray* v. *Mossman*, 91 Conn. 430, 437–38, 99 A. 1062 (1917). We conclude, therefore, that it was not an abuse of the court's discretion to exclude Johnson's testimony.

### B

The court also ruled that the letter written by Johnson in 1990 was irrelevant. In the letter, she notified the defendant of the volume and speed of traffic on Beachside Avenue. She also noted her concerns about the general presence of sand on Beachside Avenue. The court ruled that the letter was inadmissible because it did not contain information regarding sand at the specific accident site and described only the general presence of sand on Beachside Avenue in a prior year.[6]

Absent information concerning sand at the location of the plaintiff's accident, evidence of the presence of sand on Beachside Avenue in 1990 was irrelevant to the plaintiff's claim. The letter did not provide any link between the presence of sand on Beachside Avenue in 1990 and the sand that caused the plaintiff's accident

---

[6] The court limited questions regarding the presence of a specific defect to the time period of 1994 to the date of the accident.

in 1994. We conclude, therefore, that it was not an abuse of the court's discretion to exclude Johnson's letter as irrelevant.

C

The plaintiff's final claim of an improper evidentiary ruling concerns the deposition testimony of Edwards, the director of public works for the defendant. During his deposition, Edwards described how the defendant's street sweepers who cleaned the roads did not remove sand from the elevated sidewalks near the accident site. The court ruled that this portion of Edwards' testimony was irrelevant because the plaintiff failed to offer evidence that sand from the sidewalk moved onto Beachside Avenue at the location of the plaintiff's accident.

The plaintiff failed to provide evidence connecting the sand located on the sidewalk to the sand at the site where the accident occurred. Sand on the sidewalk was not an issue in the case. Edwards' testimony, therefore, was not relevant to the plaintiff's claim. We conclude that the court did not abuse its discretion in excluding that testimony.

II

The plaintiff next claims that the court improperly denied his motion to set aside the verdict. The plaintiff timely filed a motion to set aside the verdict, seeking either the entry of a plaintiff's verdict or, in the alternative, a new trial. We disagree with the plaintiff's claim.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . .

Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Hackling* v. *Casbro Construction of Rhode Island*, 67 Conn. App. 286, 289, 786 A.2d 1214 (2001). "A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." *Sorrentino* v. *All Seasons Services, Inc.*, 245 Conn. 756, 773, 717 A.2d 150 (1998).

Because we conclude in part III that sufficient evidence existed for the jury reasonably to find that the defendant did not have a reasonable time to repair the defect, we cannot say, after viewing the evidence in the light most favorable to sustaining the verdict, that the court abused its discretion when it denied the plaintiff's motion to set aside the verdict.

### III

The plaintiff's final claim is that the jury could not reasonably have found that the defendant did not have a reasonable time to remove the sand from the roadway. We disagree.

Initially, we set forth the applicable standard of review. "Appellate courts ordinarily do not disturb the facts as found by a jury unless it appears that the evidence furnished no reasonable basis for the jury's conclusions. . . . The evidence is given the most favorable construction to which it is reasonably entitled in support of the verdict." (Citations omitted; internal quotation marks omitted.) *Holbrook* v. *Casazza*, 204 Conn. 336, 343, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 699, 98 L. Ed. 2d 651 (1988). "A jury's finding of fact cannot be clearly erroneous if there is evidence to support that finding." *Puchalsky* v. *Rappa-*

*hahn,* 63 Conn. App. 72, 81, 774 A.2d 1029, cert. denied, 256 Conn. 931, 776 A.2d 1147 (2001).

The plaintiff argues that because the jury found that the sand on Beachside Avenue constituted a defect and that the defendant had notice of the defect, the only conclusion the jury could reach was that the defendant had a reasonable opportunity to remove the defect. The plaintiff bases his argument on his assumption that the jury found that the defendant had created, through its use of sand during the winter months, the specific defect that caused the accident, and that the defendant had notice no later than April 4, 1994, the last date that the defendant's records indicate that the road was swept. Those assumptions ignore other evidence in the record and eliminate the third element of the plaintiff's cause of action under § 13a-149, namely, that the defendant had failed to remove the sand within a reasonable time period.

The defendant produced evidence of beaches located near the accident site. "[I]t is the jury's province to decide which evidence is more credible, and the court's authority to nullify a jury's finding is limited." *Hackling* v. *Casbro Construction of Rhode Island,* supra, 67 Conn. App. 294. We will not speculate as to the fact-finding process of the jury. We will not reverse a finding of fact by a jury unless it was clearly erroneous. In this case, evidence existed to support the jury's finding; therefore, its finding cannot be clearly erroneous. Accordingly, we cannot say that the court abused its discretion when it denied the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.