******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.* ANTHONY SINCHAK
## (AC 47303)

Bright, C. J., and Elgo and Moll, Js.

*Syllabus*

The defendant filed a motion with this court to dismiss the state's appeal from the decision of the trial court granting the defendant's motion to correct an illegal sentence. The defendant claimed that the appeal, which was taken before he was resentenced, was not from a final judgment. This court granted the defendant's motion and subsequently issued its opinion. *Held*:

This court dismissed the appeal for lack of subject matter jurisdiction, as the trial court's decision granting the defendant's motion to correct an illegal sentence was an interlocutory order and not an immediately appealable final judgment.

Considered September 4—officially released November 5, 2024

*Procedural History*

Substitute information charging the defendant with one count of the crime of murder and with two counts of the crime of kidnapping in the first degree, brought to the Superior Court in the judicial district of Waterbury and tried to the jury before *Murray, J.*; verdict and judgment of guilty; thereafter, the court, *Preleski, J.*, granted the defendant's motion to correct an illegal sentence; subsequently, the court, *Preleski, J.*, denied the state's motion for permission to appeal, and the state appealed to this court; thereafter, the defendant filed a motion to dismiss the appeal. *Appeal dismissed.*

*John Cizik, Jr.*, and *Laila M. G. Haswell*, senior assistant public defenders, in support of the motion.

*Timothy F. Costello*, supervisory assistant state's attorney, in opposition to the motion.

*Opinion*

BRIGHT, C. J. The state appeals from the orders of the trial court granting a motion to correct an illegal sentence filed by the defendant, Anthony Sinchak, and

denying the state's motion for permission to appeal from that decision because the defendant has not yet been resentenced. The defendant moved to dismiss the appeal because it is not from a final judgment. The state claims that the orders are immediately appealable. We disagree with the state and, therefore, we have granted the defendant's motion to dismiss.[1]

The record reveals the following relevant facts and procedural history. On April 21, 1995, following a jury trial, the court accepted a verdict of guilty of one count of murder in violation of General Statutes § 53a-54a, and two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B).

On July 20, 1995, the court, *Murray, J.*, conducted a sentencing hearing. Of relevance to the present matter, the transcript reflects that, during the hearing, defense counsel did not make any advocacy statement whatsoever on behalf of the defendant. Instead, defense counsel stated, "I'm handing the court a handwritten statement of the defendant regarding the—for the jury verdict case, and we have no other comments as far as sentencing is concerned." The state and the victim's family advocated for their sentencing recommendations, spanning ten pages of the transcript. Defense counsel responded, "I have no comment." The court sentenced the defendant to sixty years of incarceration for the murder and eighteen years of incarceration on each of the two counts of kidnapping, to run consecutively, for a total effective sentence of ninety-six years of incarceration. This court affirmed the judgment of conviction in 1997, and our Supreme Court granted certification to appeal, but subsequently dismissed the appeal as improvidently granted. *State* v. *Sinchak*, 47

---

[1] On September 4, 2024, this court granted the defendant's motion to dismiss the appeal and indicated that an opinion would follow. This opinion explains the reasons for our determination.

Conn. App. 134, 703 A.2d 790 (1997), appeal dismissed, 247 Conn. 440, 721 A.2d 1193 (1999).

Thereafter, the defendant filed a series of motions and petitions challenging his sentencing and confinement.[2] Among them, the defendant filed a habeas corpus petition in 2000 claiming that defense counsel was ineffective for his failure to speak on the defendant's behalf at sentencing. The habeas court denied that claim, concluding that the defendant failed to prove prejudice because he did not identify any specific fact or argument that competent counsel would have submitted. See *Sinchak* v. *Commissioner of Correction*, 126 Conn. App. 670, 681, 14 A.3d 348, cert. denied, 301 Conn. 901, 17 A.3d 1045 (2011). This court dismissed the defendant's appeal from the habeas court's judgment; id., 683; and the Supreme Court denied certification to appeal. *Sinchak* v. *Commissioner of Correction*, 301 Conn. 901, 17 A.3d 1045 (2011).

On June 20, 2023, the defendant filed the underlying motion to correct an illegal sentence and request for new sentencing, pursuant to Practice Book § 43-22. The defendant argued, among other things, that defense counsel provided no advocacy regarding mitigation at his sentencing hearing. On July 5, 2023, the state filed its objection.

Following a hearing on the matter, the trial court, *Preleski, J.*, granted the motion to correct and ordered a

[2] See, e.g., *Sinchak* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-00-0800827-S (June 29, 2007) (habeas petition denied); *Sinchak* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-07-4001895-S (August 28, 2014) (habeas petition denied); *Sinchak* v. *Strange*, United States District Court, Docket No. 3:00-cv-00034 (SRU) (D. Conn. August 29, 2017) (habeas petition dismissed); *Sinchak* v. *Commissioner of Correction*, 173 Conn. App. 352, 355, 163 A.3d 1208 (affirming denial of habeas petition), cert. denied, 327 Conn. 901, 169 A.3d 796 (2017); *State* v. *Sinchak*, 205 Conn. App. 346, 367, 256 A.3d 671 (affirming denial of motion to correct illegal sentence alleging vindictive or retaliatory motive by sentencing judge), cert. denied, 338 Conn. 914, 259 A.3d 1179 (2021).

new sentencing hearing. In its memorandum of decision issued on December 27, 2023, the court concluded that the defendant was effectively abandoned by defense counsel at his sentencing, in deprivation of his sixth amendment right to counsel at a critical stage of the proceedings.

On January 4, 2024, the state, pursuant to General Statutes § 54-96[3] and Practice Book § 61-6 (b),[4] filed a motion for permission to appeal. On January 10, 2024, the defendant filed an objection arguing a lack of appellate jurisdiction arising from a lack of finality because the trial court had not yet resentenced him. In denying the state's motion on January 11, 2024, the court reasoned that the "granting [of] a motion to correct an illegal sentence is not a final judgment from which an appeal may be taken. It becomes a final judgment upon resentencing. It is the imposition of sentence that constitutes a final judgment in a criminal matter." This appeal followed.

As of the date that the state filed its appeal, January 23, 2024, the trial court had not resentenced the defendant. On May 29, 2024, the defendant filed this motion to dismiss the appeal for lack of subject matter jurisdiction due to the lack of a final judgment. See Practice Book § 66-8 (motion to dismiss challenging this court's jurisdiction may be filed at any time). On June 7, 2024, the state timely filed its opposition. For the following reasons, we conclude that the appeal must be dismissed for lack of subject matter jurisdiction because the trial

---

[3] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."

[4] Practice Book § 61-6 (b) provides in relevant part: "The state, with the permission of the presiding judge of the trial court and as provided by law, may appeal from a final judgment. . . ."

court had not resentenced the defendant before the appeal was filed.[5]

We begin our analysis by recognizing that "[t]he lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . . We commence the discussion of our appellate jurisdiction by recognizing that there is no constitutional right to an appeal . . . . Article fifth, § 1, of the Connecticut constitution provides for a Supreme Court, a Superior Court and such lower courts as the [G]eneral [A]ssembly shall . . . ordain and establish, and that [t]he powers and jurisdiction of these courts *shall be defined by law.* . . . To consider the . . . claims [raised in the motion to dismiss], we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted . . . [General Statutes] § 52-263, which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Smith* v. *Supple,* 346 Conn. 928, 936–37, 293 A.3d 851 (2023).

"Adherence to the final judgment rule is not dictated by legislative fiat alone. It has long been this court's policy to discourage piecemeal appeals, particularly in criminal proceedings. . . . The appealable final judgment in a criminal case is ordinarily the imposition of sentence." (Citations omitted; internal quotation marks omitted.) *State* v. *Curcio,* 191 Conn. 27, 30–31, 463 A.2d 566 (1983). An otherwise interlocutory order is considered a final judgment pursuant to § 52-263 and for pur-

---

[5] At the time this court issued its order granting the motion to dismiss, the defendant had not been resentenced, and the state had not filed an amended appeal from any such judgment. Had the defendant been resentenced during the pendency of this appeal, however, the state could have filed an amended appeal from that final judgment, pursuant to Practice Book § 61-9, and that amended appeal would have been jurisdictionally proper.

poses of appeal "(1) where the order or action termi-
nates a separate and distinct proceeding, or (2) where
the order or action so concludes the rights of the parties
that further proceedings cannot affect them." Id., 31. By
contrast, an interlocutory order is not a final judgment
if it is "merely a step along the road to final judgment."
(Internal quotation marks omitted.) *Hartford Acci-
dent & Indemnity Co.* v. *Ace American Reinsurance
Co.*, 279 Conn. 220, 226, 901 A.2d 1164 (2006).

On granting a motion to correct an illegal sentence,
the "court possesses the sole authority . . . [to] resen-
tence a defendant if it is determined that the original
sentence was illegal." (Internal quotation marks omit-
ted.) *State* v. *Casiano*, 282 Conn. 614, 625, 922 A.2d
1065 (2007). Our appellate courts have jurisdiction to
consider an appeal from the granting of a motion to
correct an illegal sentence *after* resentencing. See, e.g.,
*State* v. *Jason B.*, 320 Conn. 259, 261, 128 A.3d 937
(2016) (considering defendant's appeal and state's cross
appeal from order partially granting defendant's motion
to correct illegal sentence *and* subsequent resentenc-
ing). Neither our Supreme Court nor this court has
addressed, however, whether the state can appeal from
the granting of a motion to correct an illegal sentence
before the defendant has been resentenced.

That is the situation that confronts us in the present
case, where the trial court only identified a sentencing
error but did not resentence the defendant. The court
therefore had not yet determined whether that error
would have any impact on the defendant's sentence
before the state filed this appeal.[6]

The state, although recognizing the general rule that
the final judgment in a criminal case occurs upon the

---

[6] It follows that the state—and, for that matter, the defendant—cannot
know whether it will be aggrieved by the new sentence and, if so, the
grounds on which the new sentence may be challenged on appeal.

imposition of sentence, argues "that the granting of a motion to correct a sentence imposed in an illegal manner, which upsets a prior final judgment, is a final judgment for purposes of appeal and that the state, victims, and/or their survivors should not be required [to] litigate a new sentencing proceeding many years after the fact before the state may appeal the granting of the motion." In support of this argument, the state relies on our Supreme Court's decision in *Solomon* v. *Keiser*, 212 Conn. 741, 562 A.2d 524 (1989), in which the court recognized a limited exception to the "well established [rule] that an order opening a judgment ordinarily is not a final judgment within § 52-263." Id., 746. That exception is "where the appeal challenges the power of the court to act to set aside the judgment." (Internal quotation marks omitted.) Id., 747. Our Supreme Court has further explained that this narrow exception applies only when there is a colorable claim that the trial court lacked jurisdiction to act altogether, as opposed to a claim that the court abused its discretion in acting within its established jurisdiction. See *Wolfork* v. *Yale Medical Group*, 335 Conn. 448, 463–65, 239 A.3d 272 (2020) (distinguishing immediately appealable colorable claim that trial court lacked jurisdiction from claim of incorrect decision made in course of exercising its jurisdiction).

In the present case, the state does not argue that the trial court lacked jurisdiction to grant the defendant's motion to correct an illegal sentence. In fact, as the state acknowledges, Practice Book § 43-22 expressly authorizes the trial court to entertain such motions "at any time." The state simply disagrees with the court's conclusion that the defendant's sentence was illegal and does not make any colorable claim that the court did not have jurisdiction to grant the defendant's motion. For this reason, the state's reliance on *Solomon* and its progeny is misplaced.

Alternatively, the state argues that the court's order satisfies both prongs of *Curcio*. To satisfy the first prong of *Curcio*, the order or action must terminate a separate and distinct proceeding. *State* v. *Curcio*, supra, 191 Conn. 31. The state argues that this prong is satisfied because the correction of an illegal sentence is separate and distinct from the matters determined in the defendant's long final criminal judgment. The state's argument misses the mark. The question is not whether the defendant's motion to correct is a separate and distinct proceeding from the underlying criminal judgment. The issue is whether the court's granting of the motion "terminates" the proceeding. Clearly it does not. The proceeding will not be terminated until the defendant is resentenced. Accordingly, the court's decision does not satisfy the first prong of *Curcio*.

To satisfy the second prong of *Curcio*, the rights of the appellant must be so concluded by the order that further proceedings cannot affect it. Id. "The second prong of the *Curcio* test focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . Thus, a bald assertion that [the appellant] will be irreparably harmed if appellate review is delayed until final adjudication . . . is insufficient to make an otherwise interlocutory order a final judgment. One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Internal quotation marks omitted.) *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, supra, 279 Conn. 226. The state argues that the correction of an illegal sentence through resentencing deprives the state, victims, and survivors of their interests in the finality of the long final original judgment. We are not persuaded.

If a party's interest in finality were a relevant factor, the "well established" rule that an order granting a motion to open is not a final judgment would not exist. *Curcio* requires much more, in particular, that the appellant show that a recognized right will be " 'irretrievably lost' " and that it will be " 'irreparably harmed' " if it cannot take an immediate appeal. Id. The state's interest in finality is not the type of recognized right that the second prong of *Curcio* is intended to protect. To the contrary, the state's interest in seeking reversal of the court's order before a new sentencing hearing is no different from that of any party that would prefer to appeal from an interlocutory order rather than be subject to additional proceedings necessitated by that order. Furthermore, no interest of the state will be irretrievably lost or irreparably harmed because it will have a full opportunity to challenge on appeal the court's decision granting the motion to correct if it is aggrieved by the defendant's resentencing.[7]

We conclude that the trial court's decision granting the defendant's motion to correct an illegal sentence is not an immediately appealable final judgment, as it does not fit within either prong of *Curcio* or the *Solomon* exception to the final judgment rule. Accordingly, this court lacks subject matter jurisdiction over this appeal from that decision.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[7] The state also argues that *Curcio*'s second prong is satisfied because "the new sentencing proceeding almost certainly will not be before the original judge who observed the criminal trial. One cannot contend that review of the cold transcript record of the original trial and sentencing is an adequate proxy to preserve the state's interest in finality." This argument merits little discussion. The state will have an opportunity to make a full presentation at the new sentencing hearing and will not be limited to presenting the transcripts of the original trial and sentencing.